## United States Indemnity Society v. Harvey Griggs.

### Gen. No. 4,485.

1. Notice of injury—*when receipt of premium does not waive.* A receipt of a premium without knowledge of the injury theretofore suffered by the assured, will not waive compliance with the conditions of his certificate.

2. Forfeiture—*when non-payment of premium works.* Non-payment of the premium due under a benefit certificate works an absolute forfeiture, where the member upon becoming delinquent has not the right to reinstatement by removing such delinquency, but must, among other things, show good health and have the concurrence of an officer of the company.

3. Forfeiture—*what tends to show waiver of right of.* The receipt of prior delinquent payments without objection, without reinstatement, without ascertaining whether the insured is still in good health, and without any action by the secretary or board of directors exercising an option in regard to his reinstatement as provided by the by-laws of the society, tends to show that the society had waived the right to enforce the forfeiture.

Action of assumpsit. Appeal from the Circuit Court of Peoria County; the Hon. Theodore N. Green, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

KIRK & JOCHEM, for appellant.

WOLFENBARGER & MAY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Harvey Griggs held an indemnity certificate issued by the United States Indemnity Society, and on December 3, 1902, received a serious injury from which he was in the hospital and under medical and surgical treatment for a long time. He applied to the society for the weekly indemnity provided by the certificate for such an accident, and the society refused to pay on the ground that at the time of the accident his certificate was suspended. He brought this suit upon the certificate. Defendant pleaded that the certificate was suspended. Plaintiff replied that it was not suspended, but in force, and also replied a waiver of the condition relied upon by defendant. Issues were joined, and on a jury trial plaintiff had a verdict and a judgment for $323.74, which it is not claimed is excessive if the society is liable. The society appeals from that judgment.

Appellant states in its brief that the only question involved is whether or not the certificate was in full force at the time of the accident. The certificate contained, among others, the following condition :

" 3. Regular assessments shall be payable quarterly on the last day of some month. Notice of when dues or assessments are payable shall be given each member a reasonable time before the same are due, such notice to be not less than fifteen days; and any member failing to pay his quarterly dues, or assessments, or local council dues, if any, on or before the day on which the same are payable shall stand suspended, and neither he nor his beneficiary shall be entitled to benefits for disability beginning or death occurring subsequent to that date. Provided, however, that a member whose certificate has lapsed, as aforesaid, may, if in good health be reinstated, subject to the approval of the secretary, upon payment of the current quarterly dues and assessment, and reinstatement shall date from the receipt of such payment at the Home office; but such reinstatement shall not entitle a member to benefits for

disability resulting from sickness beginning, or accident occurring, prior to the date of the reinstatement, and reinstatement shall have the same effect, as regards benefits, as if a new application had been signed and a new certificate issued. Any notice mailed, postage prepaid, to the last address given the Home office by a member, shall be considered a legal notice to him. Local council dues, if any, shall be such an amount and payable at such times as the by-laws of the local council may provide."

The following was one of the defendant's by-laws upon the same subject: " Sec. 3. If any member fails to pay an assessment or the per capita tax on or before the day on which the same is due, to the Home office or to his local collector, his membership in the society shall thereupon, without notice, cease and determine; but he may be reinstated, at the option of the Board of Directors, upon furnishing satisfactory evidence of good health."

There is substantially no dispute in the proofs. The certificate was issued October 8, 1901, and appellee paid within the time fixed by the rules the first assessment thereafter. From that time on he was delinquent in the payment of each assessment. The payment due from him February 28, 1902, he paid March 3, 1902; the payment due May 31, 1902, he paid June 3, 1902; the payment due August 30, 1902, he paid September 5, 1902; the payment due November 30, 1902, had not been paid by him when he met with the accident in question on December 3, 1902, but he did pay it on December 8, 1902. When he made that payment he did not notify the society that he had received the injury, and therefore the receipt of that last payment was not in and of itself a waiver of the condition of the certificate, because it was received by the society without knowledge of the facts. But the society received each of the delinquent payments made prior to his accident as above recited, without any comment or objection, without requiring him to apply for reinstatement, or to furnish evidence that he was in good health, without the approval of the secretary to his application, and without any exercise of any option by the board of

directors. If this certificate was only suspended by the delinquency in payment, and if appellee had a right thereafter to make the payment and thereby revive the certificate, then the case comes within the principle announced in Carlock v. Phœnix Insurance Company, 138 Ill. 210, and the society was not liable to pay benefits for an accident happening to appellee during the period that appellee was delinquent in payment and the certificate was thereby suspended. If, however, the certificate was forfeited by its terms for non-payment, and appellee had no right to be reinstated upon making payment, then Conductors' Benefit Association v. Tucker, 157 Ill. 194, is in point, and the receipt of the prior delinquent payments without objection, without reinstatement, without ascertaining whether appellee was still in good health, and without any action by the secretary or board of directors exercising an option in regard to his reinstatement, were circumstances tending to show that the society had waived the right to enforce the forfeiture. In a case cited with approval in the Tucker case, *supra*, where out of sixty-four payments made by the assured sixty-three had been made after the time limited by the by-laws had expired, and no conditions were insisted upon for reinstatement, it was held that such a course of conduct by a society estopped it from insisting upon a forfeiture for non-payment within such time without giving personal notice that thereafter prompt payment would be required. Without quoting at length from the Tucker case, which contains much language applicable here, it is sufficient to say that the principles there announced fully justified the jury in finding that in this case the society had waived the right to a forfeiture, and that it had pursued a course of conduct towards appellee which tended to lead him honestly to believe that the society did not insist upon the express letter of the contract and would not enforce a forfeiture for failure to pay the assessments promptly when due. Illinois Life Assn. v. Wells, 200 Ill. 445.

While condition 3 of the certificate above quoted, says that the member failing to pay his quarterly assessments

shall stand suspended, it does not give him a right to be reinstated upon payment of the delinquent assessment. He must not only pay the current assessment, but must also show that he is in good health; and even then his application for reinstatement is subject to the approval of the secretary, which approval apparently the secretary may withhold at will. The by-law above quoted also says that upon non-payment of an assessment when due the membership ceases, and it does not give the member a right to be reinstated, but only provides that if he furnishes satisfactory evidence of good health the board of directors have the option to reinstate him if they see fit. We think it manifest that this condition of the certificate and this by-law contemplates an actual forfeiture for non-payment of the assessment, and reserves to the society the option to reinstate the member or to refuse to do so thereafter. Under such circumstances, the Tucker case, *supra*, is decisive, and the judgment in this case ought to stand. The rulings of the court upon the instructions were in harmony with the views herein expressed.

The judgment is therefore affirmed.

*Affirmed.*