## Brice Lane, et al. v. Yeomen of America.

### Gen. No. 4,598.

1. PEREMPTORY INSTRUCTION—*effect of motion for*. A motion for a peremptory instruction admits the truth of all opposing evidence and of all inferences which may fairly and rationally be drawn therefrom. If there is evidence which fairly tends to establish the plaintiff's case, the court is not at liberty to weigh the evidence under such a motion and to determine where the preponderance lies, but that question must be submitted to the jury.

2. BENEFIT CERTIFICATE—*what essential to enforcement of forfeiture of*. Unless the circumstances show a clear intention to declare a forfeiture it will not be enforced.

3. BENEFIT CERTIFICATE—*when forfeiture of, will not be enforced*. Where a course of dealing of the company with the insured has been such as to induce a belief that the provision for a forfeiture will not be insisted upon, the company will not be allowed to set up such forfeiture against one in whom its conduct has induced such belief. Conduct on the part of an insurance company or a beneficiary society which amounts to a recognition of the member's continuing membership after he has made default authorizing his suspension, will waive the default.

Action of assumpsit. Appeal from the Circuit Court of Winnebago County; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1905. Reversed and remanded. Opinion filed March 10, 1906.

FISHER & NORTH, for appellants.

FRANK G. PLAIN and R. K. WELSH, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court. The Yeomen of America is a fraternal beneficiary society having its head offices at Aurora. In the autumn of 1902, a local council of that order was organized at Rockford. James B. Lane of Rockford joined that council, and assisted H. A. Cross, the deputy organizer, in its organization. Lane then removed to Springfield, Missouri. His certificate is not dated, but it seems to have been delivered to him Oc-

tober 11th without being countersigned by the local officers, because they had not yet been elected. After he reached Missouri he returned the certificate to the society for such countersignatures, which were afterwards added. He was taken very ill with typhoid fever early in March, 1903, was removed to a hospital on March 12th or 13th and was semi-unconscious or delirious most of the time thereafter till his death on April 11, 1903, of typhoid-pneumonia. Requests by a member of his family to the society for blanks for proofs of death resulted in a reply from the supreme secretary that Lane stood suspended on April 1st for the nonpayment of his March dues. The heirs at law brought this suit to recover the benefits named in the certificate and therein made payable to his legal heirs. The declaration was in the usual form upon the certificate. Defendant filed the general issue and a special plea. The special plea set out various provisions of the application and of the laws of the order. In the application Lane agreed to make prompt payment of all sums of money when they became due, and to conform in all respects to the laws of the order, and that if he should be suspended for any violation of any law of the order or for the nonpayment, of dues or monthly payments, then all rights which he and his beneficiaries and heirs might have upon the benefit fund should be forfeited. A law of the order provided that one monthly payment should be due from each beneficial member on the first day of each month, without notice, and that it must be paid to the subordinate secretary on or before the last day of each month. Another provision was that any member who should fail to pay the monthly payment as so provided, or should fail to pay the local council dues quarterly during January, April, July and October, should thereby become suspended, and during such suspension the benefit certificate should be absolutely null and void. There were provisions by which a member who had been suspended might be reinstated if in good health at the time of the reinstatement. The plea alleged that Lane failed to pay any council dues, and failed to pay the monthly assessment for the month of March, 1903, and that by reason

of his failure to pay the local council dues and the monthly assessment for that month on or before the last day of March he became suspended from the order and his benefit certificate became absolutely null and void, and that he was never afterwards reinstated, nor did he afterwards make those payments.    To this plea plaintiffs replied that on divers months preceding March, 1903, defendant permitted Lane to pay assessments upon said certificate long after the same were due, and assured Lane that although it was irregular, yet if the same and the dues were paid within a reasonable time after due it would see that his certificate did not lapse; that defendant led deceased to believe that such conditions of payment set forth in said plea would not be insisted upon nor relied upon; and that by reason thereof defendant waived said several conditions set forth in its plea.    Defendant filed a rejoinder traversing said averments of the replication, and an issue was formed upon that rejoinder.    There was a jury trial, at the close of which, on motion of defendant, the jury were instructed to find the issues for the defendant. Such a verdict was rendered, a motion for a new trial was denied, defendant had judgment, and plaintiffs appeal.

A defendant who moves to instruct the jury to find in its favor admits the truth of all opposing evidence and of all inferences which may fairly and rationally be drawn therefrom.    If there is evidence which fairly tends to establish plaintiff's case, the court is not at liberty to weigh the evidence under such a motion and to determine where the preponderance lies, but that question must be submitted to the jury.    Missouri Malleable Iron Co. v. Dillon, 206 Ill., 145; Blakeslee's Express Co. v. Ford, 215 Ill., 230.

Although a life insurance policy or a benefit certificate provides for its forfeiture for nonpayment of premium or dues at a specified time, the company may waive prompt payment.    Unless the circumstances show a clear intention to declare a forfeiture, it will not be enforced.    Where the course of dealing of the company with the insured has been such as to induce a belief that the provision for a forfeiture will not be insisted upon, the company will not be allowed to

set up such forfeiture against one in whom its conduct has induced such belief. Conduct on the part of an insurance company or a beneficial society which amounts to a recognition of a member's continuing membership after he has made default authorizing his suspension will waive the default. The receipt of payments after the default in payment is a waiver. 2 Bacon on Benefit Societies, sec. 433; Conductors' Benefit Association v. Tucker, 157 Ill., 194; Grand Lodge A. O. U. W. v. Lachmann, 199 Ill., 140; Illinois Life Association v. Wells, 200 Ill., 445; U. S. Indemnity Society v. Griggs, 118 Ill. App., 577.

Lane paid no monthly payments for October or November, 1902, but was credited therewith as compensation for services in assisting in the organization of the local council. Under the rule already stated his monthly payment for December was due on the first day of December, and was required to be paid on or before the last day of that month, and the penalty therefor was that by failing to pay by the last of December he should thereby become suspended and his benefit certificate null and void. Nevertheless, Cross, the deputy organizer of the supreme council, and the temporary president of the local council, wrote Lane on January 7, 1903, a letter, the body of which was as follows: "The December payment on your insurance was due the 31st. The secretary has not sent in her remittance yet, and while it is not exactly regular, if you remit in the near future I shall see that you do not lapse." Each member had a receipt book containing printed forms for the receipt for each monthly payment for several years. Cross, the deputy organizer, receipted for this December payment on the receipt book under date of January 22, 1903. Grace A. Cross, a sister of H. A. Cross, was secretary, and the monthly payment for January, 1903, is receipted in Lane's receipt book over the signature of said secretary as paid January 31, 1903. Miss Cross, however, testified that she did not receive any money nor put any dates on the receipt book, but that this was really done by her brother, H. A. Cross, who really acted as secretary, and that all she did was to write

her signature after he had written in the date, and that she had no knowledge whether the dates were correct. H. A. Cross testified that this payment was not made in January, but early in February; and while at first somewhat doubtful about this, he became positive before his examination was finished. Therefore, on January 1, 1903, and on February 1, 1903, there had been such a default by Lane as authorized the society to treat him as suspended and his certificate as null and void. Yet they did not so treat it, but received the money and wrote him pleasant replies. The February payment is receipted in the receipt book by Miss Cross under the date of February 28th and H. A. Cross testified that his recollection was that it was paid within the month, yet his letter acknowledging its receipt was dated the 12th of March. He however admits in that letter having received the remittance at an earlier date and having neglected to answer. On January 1, 1903, Lane's local council dues for the quarter became due, and in a letter dated December 16, 1902, Cross had called his attention to that fact. He never paid those council dues, yet although their non-payment authorized the society to treat him as suspended and his certificate as null and void, Cross in a letter to Lane dated March 12th, about the date when Lane went to the hospital, mentions again to him the time when the local dues were payable and that he had mentioned this to him in a former letter, and that he had no doubt it had slipped Lane's mind, clearly showing that the society had then no intention of forfeiting his certificate because of that nonpayment. The correspondence also shows that the delinquencies were not wholly on the part of Lane. As before stated, Lane had sent his certificate back from Missouri to Cross to have it countersigned by the officers of the local body, upon such officers being elected. It was so countersigned on November 25th, yet Cross did not then return the certificate to Lane. Cross also had Lane's receipt book, so that Lane had no evidence in his possession that he was a member of the order. Under date of December 12th, Lane wrote to the supreme secretary at Aurora about this, and on December 15th the

supreme secretary replied to him that his letter had been referred to Mr. Cross at Rockford, and he would reply, and that this was doubtless an oversight in Mr. Cross.   On December 16th Cross replied to Lane acknowledging he had had the certificate some time and the receipt book, and that he had intended to send the certificate but had neglected to do so, but assuring him that the insurance had been kept in force regardless of where his certificate was, and Cross apologized for having been so negligent in not sending the certificate sooner.   So, too, in the letter before referred to of March 12th, Cross apologized to Lane for not having sooner acknowledged the receipt of his remittance, and it seems he had retained the receipt book until that date, which receipt book had evidently been sent in with the remittance.   This letter of March 12th and all the letters from Cross to Lane are of a very friendly character.   There is nowhere in this correspondence any suggestion that there was any thought or purpose of taking advantage of any of Lane's delinquencies to forfeit his certificate.   We feel constrained to hold that this was testimony fairly tending to establish the truth of the replication, which averred that the society had permitted Lane to pay assessments on his certificate long after the same were due, and had assured Lane that although the same was irregular, if the dues were paid within a reasonable time it would see that his certificate did not lapse, and that defendant had allowed Lane to believe that the conditions of payment set forth in the plea would not be insisted upon or relied upon.   We therefore conclude there was such evidence on the subject of waiver that the court was required to submit that issue to the jury, and erred in instructing the jury to find the issues for the defendant.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*