### Sarah Rosater, Appellee, v. Peoria Life Association, Appellant.

1. VERDICT—*when not disturbed.* Notwithstanding the greater number of witnesses support a particular question of fact contrary to the verdict, the court will not set aside such verdict if it is unable to say that it is manifestly against the weight of the evidence.

2. INSURANCE—*when estoppel to insist upon forfeiture arises.* An insurance company is estopped to insist upon a forfeiture if after the cause of forfeiture accrues, it treats with the insured in such manner as to recognize the policy as still in force; and a clause in an insurance policy that no forfeiture may be waived except by a writing signed by the officer having authority, applies to an express waiver, and not to a waiver implied by law from a course of conduct which estops the company from insisting upon a forfeiture.

3. PLEADING—*when waiver need not be alleged.* A waiver which is the equivalent of an estoppel *in pais* need not be specially pleaded.

Assumpsit. Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed May 19, 1909.

WOLFENBARGER & MAY and DWYER & DWYER, for appellant.

F. L. DRAPER, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit, by Sarah Rosater, the beneficiary upon a life insurance policy for $500, issued by the Peoria Life Association to Charles E. Rosater. The jury returned a verdict in favor of the plaintiff and assessed her damages at $527.78. Judgment was rendered upon the verdict and the defendant appealed.

The declaration sets out the policy in *haec verba,* the death of the insured, and avers full compliance by the insured and the beneficiary with all the terms, provisions and conditions of the policy. The chief issue of fact involved in the case was whether a certain premium of two dollars, which was due and payable, according to the terms of the policy, on August 13, 1906, as a condition precedent to maintaining the policy in force, and admitted to have been afterward paid, was paid before or after the death of the insured, which occurred between the hours of one and two o'clock in the afternoon of October 6, 1906. The evidence is however in serious conflict as to the time of the payment of the premium in question. The testimony offered by the plaintiff tends to show that the payment was made very shortly before the death occurred, while that offered by the defendant tends to show that it was not made until from two to two and one-half hours thereafter. Notwithstanding a greater number of witnesses supported the contention of the defendant upon this point, we are unable to say that the finding of the jury upon the issue was so manifestly against the evidence as to warrant our disturbing the same.

The assignments of error present the further question whether such acceptance of the over-due premium amounted to a waiver of the conditions of the policy as to forfeiture. To establish such a waiver the plaintiff introduced evidence which warranted the finding that by a uniform course of dealing between the parties, extending over a period of two years, payments

that were in arrears from three to forty days or longer had theretofore been accepted by the company without requiring a certificate of health, as provided by the terms and conditions of the policy. It seems to be the well-settled law of this state that an insurance company is estopped to insist upon a forfeiture if, after the cause of forfeiture accrues, it treats with the insured in such manner as to recognize the policy as still in force (Bennett v. Union Central, 203 Ill. 439), and that a clause in an insurance policy providing that no forfeiture shall be waived except by a writing signed by the officer having the authority, applies to an express waiver, and not to a waiver implied by law from a course of conduct which estops the company from insisting upon a forfeiture. (*Id.*) The receipt of prior delinquent payments without objection, without reinstatement, without ascertaining whether the insured is still in good health, and without any action by the secretary or board of directors exercising an option in regard to his reinstatement as provided by the by-laws of the society, tends to show that the society waived the right to enforce the forfeiture. Indemnity Society v. Griggs, 118 Ill. App. 577. In this view of the law the rulings of the court upon the evidence and instructions, of which complaint is made, were not prejudicial.

It is insisted by the defendant that inasmuch as the plaintiff failed to allege in her declaration that compliance with the terms of the policy as to prompt payment was waived by the defendant, but on the contrary averred strict compliance therewith, evidence tending to show such waiver was inadmissible. The doctrine of waiver in this connection, is, in substance and effect, that of an estoppel *in pais,* which at common law need not, although it might, be pleaded specially. Ins. Co. v. Grunert, 112 Ill. 68; Ins. Co. v. Rogers, 119 Ill. 474; Evans v. Howell, 211 Ill. 85; Dickson v. Biscuit Co., 211 Ill. 468.

The judgment of the Circuit Court is affirmed.

*Affirmed.*