MINNIE BRUDEVOLD, APPELLANT, V. EDWARD W. BRUDEVOLD, APPELLEE.

45 N. W. 2d 443

Filed January 5, 1951. No. 32874.

*Harvey W. Hess* and *John L. Richards,* for appellant.

*Robert B. Waring,* and *Baldwin & Pike,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This is a divorce action commenced in the district court for Thayer County by Minnie Brudevold against Edward W. Brudevold. The trial court entered a decree awarding plaintiff an absolute divorce, fixed the property rights of the parties, and awarded plaintiff alimony in the sum of $3,025. From this decree plaintiff appealed.

The only question presented by this appeal is the appellant's contention that the amount of alimony awarded her is inadequate. We have often set forth what should be considered in determining this question. One of the most recent cases is Kroger v. Kroger, *ante* p. 265, 44 N. W. 2d 475. Therein we set forth the rule as follows: "In determining the question of alimony or division of property as between the parties the court, in exercising its sound discretion, will consider the respective ages of the parties to the marriage; their earning ability; the duration of and the conduct of each during the marriage; their station in life, including the social standing, comforts, and luxuries of life which the wife would probably have enjoyed; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property they owned at the time of the divorce, its value at that time, its income-producing capacity, if any, whether accumulated or acquired before or after the marriage, the manner in which it was acquired, and the contributions each has made thereto; and, from all the relevant facts and circumstances relating thereto, determine the rights of the parties and make an award that is equitable and just." See, also, Strasser v. Strasser, *ante* p. 288, 44 N. W. 2d 508; Nickerson v. Nickerson, 152 Neb. 799, 42 N. W. 2d 861; Peterson v. Peterson, 152 Neb. 571, 41 N. W. 2d 847.

The parties hereto are residents of Hebron, Nebraska, but were married at Beloit, Kansas, on March 26, 1945. After their marriage they continued to make their home in Hebron where appellee operates an auto parts business.

They started married life in the home of appellant. She owned this home and had been living therein prior to the marriage.

At the time of the marriage appellant was about 46 years of age. She had previously been married twice. The first time was in 1920 to Carl Uphoff. To this marriage one daughter, Doris, was born. Uphoff died in 1926. She thereafter, in 1930, married John George. This marriage ended in 1932 by divorce. To this second marriage one son, Donald, was born. Appellee had never been married before. He was about 54 years of age at the time. There are no children of this marriage.

The two children, Doris and Donald, lived with these parties after the marriage; Doris for about a year while she was teaching in the public schools of Hebron and Donald until he joined the armed forces on May 10, 1948.

They lived in appellant's house until April 1946. At that time they moved into the apartments located on the second floor of the building which appellee owned and in which he conducted his business. They lived there until they separated on March 26, 1949. During this time appellant helped run the business as appellee was, by the nature of the business, gone from Hebron on either two or three days of each week.

At the time of their marriage appellant owned the home already referred to and the household furniture and furnishings located therein. She also had a note for $1,000. She sold the home for $4,150 in April 1946 about the time they moved into the apartments above the business. She furnished the apartments with the furnishings and furniture from her home, selling some surplus. She also received $800 from the collection of the note. During their married life she bought an automobile for $1,250. At the time of the divorce she had $1,875 invested in government bonds, the car she bought, and the household furniture and furnishings that were left. It should here be said that she paid $525 for a lot on which the parties were building a home

at the time the marriage broke up. This lot was given to appellee.

At the time of their marriage appellee owned his business and the building in which it was located; also a farm, cash in the sum of $2,400, money loaned to others of $1,100, and accounts receivable of $500. All of his property at that time was reasonably worth about $18,000.

The business which appellee conducted seems to have been reasonably successful and it appears he is a good businessman. Just what the annual net income was is not clearly set forth but it would appear to have averaged between $4,000 and $4,500 a year. At the time of the divorce his net assets were around $18,500.

While the question of appellant's right to the divorce is not here questioned we take into consideration the nature of appellee's conduct which constitutes the grounds upon which appellant is entitled thereto. The grounds were extreme cruelty, both physical and mental. In this respect it appears appellee was in the habit of using intoxicating liquors and very frequently to excess. When he used it to excess he became mean and on occasion physically mishandled appellant and caused her physical injury. From these injuries she suffered severe after effects as will be hereinafter more fully set forth.

At the time of the marriage, or shortly before, appellant had some trouble with the fingers of one hand due to poor circulation. She apparently completely got over this condition. Shortly after they moved into the apartments in April 1946 she fell part way down the steps leading to the first floor. As a result of this fall she hurt her arm and shoulder. However, she apparently completely got over the results of this accident. Then in February 1949, shortly before they separated, appellant hurt her back and shoulder when she was mishandled by appellee. On the first occasion he caused her to fall backward onto a gas stove. The condition caused by these two injuries gradually became worse

until she was confined to a hospital on October 31, 1949. She stayed in the hospital about 15 days. She was again hospitalized on January 19, 1950, for a period of between four and five weeks. Her condition is due to injury to her back and requires the wearing of a neck brace when she is up and to be in traction when she is retired. The medical testimony is that it will be permanent to a certain degree. This condition considerably handicaps her ability to work and also to care for herself.

During the pendency of this action, which was filed on March 28, 1949, appellee has been required to pay temporary alimony both by the trial court and this court. It also appears that during this same period appellee has been required to pay her doctor, nursing, and hospital bills.

The decree provides for the division of property by each keeping their own, except for the lot on which the house was being constructed. This lot appellant had purchased for $525 but, by the court's decree, it is given to appellee. In the division of property we find appellee should have been required to pay appellant that amount. In view of all the record, particularly the physical condition in which appellant finds herself, we think the alimony allowed is too low and should be increased to $4,500 payable $75 a month until fully paid.

We therefore find the amount allowed appellant as alimony should be increased from $3,025 to $5,025, which latter amount includes the item of $525 awarded appellant for the lot given appellee. Of this amount the item of $525 should be paid within 30 days after the modification of its decree by the trial court to comply herewith. The balance of $4,500 is to be paid in monthly installments of $75 commencing on the first of the month following the modification of its decree by the trial court in accordance herewith and is to continue until the full amount has been paid. These payments are to be made to the clerk of the district court.

We return the cause to the district court for Thayer County with directions to the trial court to modify its decree in accordance herewith. Appellant is allowed an attorney fee of $200 for services in this court, same to be taxed as costs. Costs of this appeal are to be taxed to appellee.

MODIFIED AND AFFIRMED.