ESTHER M. DOLEN, APPELLEE, V. HOWARD B. DOLEN, APPELLANT.

51 N. W. 2d 734

Filed February 15, 1952. No. 33094.

*James A. Hayward,* for appellant.

*John H. Binning,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is a divorce action brought by Esther M. Dolen as plaintiff against Howard B. Dolen as defendant in the district court for Lancaster County. Trial was had to the court. The court entered judgment granting the plaintiff an absolute divorce, and made a division of the personal and real property owned by the parties. The plaintiff, by motion, moved the court for an order setting aside the decree entered by the court on June 16, 1951, and requested the court to enter a decree adjudging the plaintiff to be the equitable owner of the real estate involved in this action. The defendant, by motion, moved the court to set aside the decree and dismiss the action for the reason that all the matters set forth in the pleadings of the plaintiff had been previously adjudicated by a former action. The trial court overruled both motions. The defendant appealed from the overruling of his motion to set aside and vacate the decree entered by the trial court on June 16, 1951.

It appears from the transcript that on August 12, 1949, the plaintiff filed suit for divorce against the defendant in the district court for Lancaster County. In her petition she charged the defendant with nonsupport. She also alleged that since the marriage the parties had accumulated certain personal property, and the plaintiff had accumulated a house and some lots. The plaintiff prayed for a divorce from the defendant, that title to the real estate described in the petition be quieted in her, and that she be given such personal property as to the court seemed just and equitable. The defendant,

by answer, denied the allegations of the plaintiff's petition with reference to nonsupport, and, by cross-petition which is in effect an answer, pleaded certain facts with reference to the real estate owned by the parties, claiming an interest therein. The answer of the plaintiff to the cross-petition and reply to the answer of the defendant is a general denial and prays for the dismissal of the defendant's cross-petition. Trial was had before the court, and after the evidence was adduced the court entered judgment that the evidence was insufficient to establish the fact that defendant willfully, wantonly, or cruelly failed to provide support for the plaintiff, and dismissed the plaintiff's petition at plaintiff's costs. The plaintiff filed a motion for new trial which was overruled. No appeal was taken from this judgment.

On March 11, 1950, the plaintiff filed an action for divorce against the defendant in the district court for Lancaster County, alleging that the defendant, since the date of the marriage and particularly during the last ten years, had treated the plaintiff with extreme cruelty and in such a way as to destroy the legitimate objects of matrimony; that the defendant had openly and notoriously consorted with other women; and failed to provide for or support the plaintiff. Plaintiff prayed for an absolute divorce, title to the real estate owned by the parties, and a division of the personal property as the court would judge just and equitable. The defendant moved to dismiss the action, which was overruled. The defendant filed an answer and cross-petition, which is in effect an answer, denying generally the allegations of the plaintiff's petition charging extreme cruelty and consorting with other women. The following is alleged in the purported cross-petition: This cause was tried before Judge Ankeny in the district court, and the court held that no nonsupport had been proven, also, that from the evidence no extreme cruelty had been proven or admitted and therefore found for the defendant. The defendant prayed dismissal of the plaintiff's

petition for the reason that all matters contained therein were res judicata, having been completely gone over in the former petition filed by the plaintiff, heard in the court, and decided theretofore. On June 24, 1950, the court entered judgment granting the plaintiff an absolute divorce from the defendant on the grounds of extreme cruelty. The court found that the plaintiff and defendant owned jointly Lots 19, 20, and 21, Block 3, S. H. Irvine's Second Addition to Lincoln, Lancaster County, Nebraska, commonly described as 1709 North 29th Street; that liens existed against the real estate resulting from judgments obtained against the defendant; that each party would own an undivided one-half interest in the real estate subject to all liens and encumbrances existing against the property; and gave all of the household goods to the plaintiff, and two horses in the defendant's possession to him, together with a Chrysler automobile of which he had possession. Defendant was to pay plaintiff's attorney's fees and costs of the action. The defendant filed a motion for new trial. The primary reason given therein was that there had been a previous adjudication of the matters alleged in the plaintiff's petition which was tried to the district court in a former trial. The plaintiff filed a motion for new trial on the ground that the judgment was contrary to law concerning the disposition of the property of the parties. The trial court entered an order sustaining both the defendant's and plaintiff's motion for new trial, and vacated the decree entered by it on June 24, 1950.

On June 16, 1951, the trial court entered a decree and judgment in substance as follows: It was determined at the trial that the petition of the plaintiff filed in book 177, page 144, of the records of the district court for Lancaster County should be treated as an amended petition in a case filed in book 175, page 113, both cases being entitled as Esther M. Dolen v. Howard B. Dolen, docket 177, page 134. The court then found generally in favor of the plaintiff and that the defendant was

guilty of extreme cruelty to the plaintiff and of adultery which entitled the plaintiff to an absolute divorce from the defendant. The court further found that the plaintiff and defendant were joint owners of the real estate which has been heretofore described; that there were liens existing against the real estate resulting from judgments obtained against the defendant; and that the real estate should be divided, the plaintiff to own 60 percent of the same and the defendant to own 40 percent of the same as tenants in common, subject to all liens and encumbrances then existing of record against the real estate. The court retained jurisdiction to appoint a referee and order a sale of the property and distribution of the proceeds after payment of the liens thereon. The court made no disposition as to the liability of the parties for taxes which might be due or which might arise, or for the payment of insurance, upkeep, and the like. The court gave the plaintiff all of the household goods, awarded the defendant two horses of which he was then in possession, and ordered the defendant to pay the attorney's fees of the plaintiff and costs of the action. Judgment was entered in accordance with the findings. The plaintiff filed a motion to set aside the decree entered by the trial court on June 16, 1951, as being contrary to law and equity in that plaintiff was the equitable owner of the real estate and was entitled to have the title of the same quieted in her as against the defendant. The defendant filed a motion to set aside the decree and dismiss the action, the principal ground therefore being that there had been a previous adjudication of all the matters raised in the pleadings of the plaintiff at a former trial. Both the motions of the plaintiff and of the defendant were overruled. Defendant perfected appeal to this court.

It appears from the record that the plaintiff and defendant were married at Lincoln, Nebraska, on August 16, 1920. They are the parents of three boys now adults, not dependent upon them for support. The plaintiff

lived in the house which they purchased in 1941 as co-owners with a $300 down payment. The defendant raised $200, and the seller of the property loaned the other $100 to constitute the down payment. The latter $100 has not been repaid, $30 being the amount paid on the principal debt, and $5 interest. The plaintiff has been employed at a local general merchandising store for a period of 17 years. When she started her employment she received the sum of $12 a week. There was an arrangement between herself and the defendant that he was to furnish the family with support and she was to make the payments on the home. It appears that she did so, with the exception that on three or four occasions the defendant made certain payments. The evidence is not clear as to just how many payments or the amount thereof that defendant did make on the home. The plaintiff and defendant have not lived together as husband and wife for a period of at least six years.' They each have their own rooms and neither occupies the room of the other on any occasion. The plaintiff prepares her own meals, procures her own essentials, and washes and irons the linens and towels for the defendant's room. The defendant procures his meals outside of the home, and both come and go as they please without consulting or interfering with the other. They have nothing in common.

The plaintiff relates in her testimony certain cruel treatment on the part of the defendant during their married life, and that the defendant had sold intoxicating liquor to certain persons when they lived in apartments and subsequently from the basement of the home which they purchased. This continued during 1942, 1943, and at other times. The defendant was of a nervous temperament and the least agitation caused him to use abusive language toward the plaintiff. During January 1946, the defendant moved certain household goods and furniture into the basement of the home, and certain clothing belonging to another woman which he

hung in the closet in his room. This contributed to the plaintiff's unhappiness and made her nervous.

There is evidence that the plaintiff in no event would effect a reconciliation with the defendant and refused to accept any support that he would offer her. In addition, there is evidence to the effect that the plaintiff had the utility bills for the household placed in her name and a separate telephone installed which she testified was placed in the house at the instigation of one of her sons. The telephone in the home placed there by the defendant was at various times disconnected.

It also appears from the record that the defendant was seen by neighbors on various occasions in and near the premises occupied by a married woman; that certain furnishings in the home were purchased by him, of which he claimed to be the owner; and that he paid household bills and exercised control and dominion over the home. On or about February 5, 1946, police officers, in making an investigation to locate certain stolen intoxicating liquor, proceeded to this house and contacted the defendant who informed them they would be required to obtain a search warrant to search the premises, and questioned their jurisdiction to do so. Subsequently he permitted the search in which intoxicating liquor was found cached in the basement of this home. It is obvious that he was consorting with a married woman and, in addition, was also an occupant of the home. Subsequently this woman left the city and joined her husband and children.

It also appears from the record that on behalf of the defendant there was offered in evidence docket 173, number 167, case entitled Esther M. Dolen v. Howard Ben Dolen, filed August 12, 1949, the first petition in divorce filed in this case. This included the whole record which was determined to be all of the pleadings in the case and the decree entered by Judge Ankeny. There was also a motion, after the same served its purpose, to withdraw it and leave it with the clerk of the

district court. Objection was made on the ground that it was irrelevant and immaterial, which was overruled.

The defendant contends the trial court erred in overruling his motion at the close of the plaintiff's evidence to dismiss the plaintiff's cause of action. This assignment of error is based upon the doctrine of res judicata, that is, that all of the matters pleaded by the plaintiff and testified to in the instant case have been adjudicated by a former action between the same parties involving the same subject matter in the district court for Lancaster County, as heretofore appears.

None of the pleadings in the case of Esther M. Dolen v. Howard Ben Dolen, filed August 12, 1949, are incorporated in the bill of exceptions. However, the petition, answer and cross-petition, answer to cross-petition and reply to answer, order dismissing petition, motion for new trial, hearing thereon, and order overruling motion for new trial appear in the transcript in the instant case. There is nothing in the record, by stipulation or otherwise, that exhibits appearing in the transcript are a part of the bill of exceptions or that reference should be made to them as evidence in the bill of exceptions.

"Where, upon an inspection of a bill of exceptions, palpable omissions appear, as that certain exhibits introduced are not incorporated therein, the reviewing court will not pass upon the sufficiency of the evidence to sustain the finding below." Scott v. Society of Russian Israelites, 59 Neb. 571, 81 N. W. 624. In the body of the opinion the following appears: "It is next insisted that defendant is estopped from claiming the invalidity of these taxes, by reason of an alleged former adjudication in a cause between the parties. The court below made no finding on this issue tendered by the reply, and this court is unable to pass upon the question, for the reason that certain exhibits introduced in evidence on the trial are not incorporated in the bill of exceptions.

In view of this fact, it can not be determined whether a prior adjudication was established or not."

Exhibits which are introduced in evidence in the case, or excluded therefrom, must be brought before the reviewing court in the record if the action of the lower court is to be reviewed. 3 Am. Jur., Appeal and Error, § 591, p. 223, and cases cited under note 15 thereof on page 224.

In 4 C. J. S., Appeal and Error, § 738, p. 1216, it is said: "It is generally held that exhibits are not part of the pleadings, and, to be made a part of the record on appeal, must be contained in a bill of exceptions or some substitute therefor." See, also, Darlington v. State, 153 Neb. 274, 44 N. W. 2d 468, and cases cited therein.

In this jurisdiction cases too numerous to cite hold that where an assignment of error relates to purported evidence which does not appear in the bill of exceptions, such assignment of error will not be reviewed or determined in this court. We conclude the issue of res judicata as contended for by the defendant is not before this court to be determined.

We review the sufficiency of the evidence in the instant case to determine whether or not the trial court erred in granting the plaintiff an absolute divorce and making a division of the real and personal property owned by the parties. There was no evidence introduced by the defendant to contradict the evidence introduced by the plaintiff. We deem it sufficient to affirm the trial court's judgment in granting the plaintiff an absolute divorce and making division of the real and personal property of the parties.

The plaintiff cross-appeals, assigning as error that the trial court, in overruling the motion of the plaintiff made after the entry of the decree to set aside the same and failing to enter a decree quieting the title to the real estate in the plaintiff so that she would be the sole owner thereof, committed prejudicial error. We have heretofore reviewed the evidence with reference to the

payments made on the real estate by the plaintiff and defendant, and have also made mention of certain judgment liens which were caused by the defendant without knowledge of the plaintiff against the real property and total $1,733.43, without interest.

We are cognizant of the rule that it is well established in a divorce suit where the court has jurisdiction of the parties, it has the power to adjust all of their respective property interests. See, Sims v. Sims, 148 Neb. 771, 29 N. W. 2d 378; Johnsen v. Johnsen, 144 Neb. 208, 12 N. W. 2d 837.

In determining the question of alimony or division of property as between the parties the court, in exercising its sound discretion, will consider the respective ages of the parties to the marriage; their earning ability; the duration of and the conduct of each during the marriage; their station in life, including the social standing, comforts, and luxuries of life which the wife would probably have enjoyed; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property they owned at the time of the divorce, its value at that time, its income-producing capacity, if any, whether accumulated or acquired before or after the marriage, the manner in which it was acquired, and the contributions each has made thereto; and, from all the relevant facts and circumstances relating thereto, determine the rights of the parties and make an award that is equitable and just. See Brudevold v. Brudevold, 153 Neb. 545, 45 N. W. 2d 443.

We believe that, on a review of the record, the court made a just and equitable division of the property, both real and personal, owned by the parties. We conclude the judgment of the trial court in the division of the real estate is just and equitable.

While there is some indication in the defendant's brief that the plaintiff condoned the acts of extreme cruelty on the part of the defendant, there is no evidence

in the record to support condonation on plaintiff's part.
For the reasons given in this opinion the judgment of
the trial court is affirmed.

AFFIRMED.