LEONE M. CONNOR ET AL., APPELLANTS, V. STATE OF NEBRASKA, DEPARTMENT OF ROADS, APPELLEE.

120 N. W. 2d 916

Filed April 5, 1963. No. 35345.

Gaines, Spittler, Neely, Otis & Moore, for appellants.

Clarence A. H. Meyer, Attorney General, Harold S. Salter, Asa A. Christensen, and James J. Duggan, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is an action growing out of an award of appraisers appointed by the county judge of Douglas County, Nebraska, wherein in an action for condemnation of real estate instituted by the State of Nebraska, Department of Roads, lands of Leone M. Connor, Donald C. Connor, Francis Connor, and Marjorie Connor, plaintiffs in the district court and appellants here, were condemned and appraised, and the valuation fixed.

The plaintiffs appealed to the district court for Douglas County, Nebraska, on the ground that the valuation and damages awarded were insufficient. The State of Nebraska, Department of Roads, was defendant and will be so referred to for the purposes of this opinion.

A trial was had to a jury in the district court and a verdict was returned in favor of plaintiffs for $68,149.62. The amount of the claim asserted in the petition was $80,000 and later increased to $97,265. Judgment was rendered on the verdict. Thereafter a motion for new trial was filed by the defendant. This motion was sustained and the verdict and judgment were vacated and set aside, and a new trial was ordered. From the order vacating and setting aside the verdict and judgment and the order granting a new trial, the plaintiffs have appealed.

The order, dated June 15, 1962, vacating and setting aside the verdict and judgment contains no statement of reason or ground therefor. No legally authentic reason or ground therefor is contained in the record.

It is true that in the transcript prepared by the clerk of the court is a document headed "Exhibit" which appears to have been filed June 26, 1962. By whom it was filed is not disclosed. It is not identified as an

attachment to any pleading or as a part of an order or entry of any kind made by the court. It does not appear to have been presented as a part of or in the nature of a bill of exceptions. By what appears on its face alone it is a copy of a letter sent by the judge to the attorneys for the plaintiffs and for the defendant. This instrument contains the following: "I feel that testimony of a highly prejudicial character was allowed to be presented to the jury and that the same should have been excluded by the Court."

This however may not be treated as a recognizably stated reason for setting aside the verdict and judgment. This court said in Phenix Ins. Co. v. Fuller, 53 Neb. 811, 74 N. W. 269, 40 L. R. A. 408, 68 Am. S. R. 637: "The judgment of the district court must stand or fall upon the statutory record of the case—that is, the pleadings, the finding and judgment, and the bill of exceptions made a part of the record." No departure from this rule has been found in the later cases.

In Dolen v. Dolen, 155 Neb. 347, 51 N. W. 2d 734, the following from 4 C. J. S., Appeal and Error, § 738, p. 1216, was quoted with approval: " 'It is generally held that exhibits are not part of the pleadings, and, to be made a part of the record on appeal, must be contained in a bill of exceptions or some substitute therefor.' "

Thus this case comes to this court without the aid of any declared reason or basis for the final order which was rendered.

At this point it appears that the factual background should be set forth, to the extent necessary for the purposes of the case. At the time of the condemnation the plaintiffs were the owners of 10.43 acres of land in a designated industrial area to the southwest of Omaha, in Douglas County, Nebraska. The east side abutted on Sixtieth Street. By condemnation 4.74 acres were taken outright by the defendant, an easement over 2.48 acres was taken, and the remainder was not taken. The action here is by the plaintiffs to recover a judgment for the

value of the land taken, for the damage to the land included in the easement, and for the damage to the land not taken but caused by the taking of land and of the easement. The easement upon the land was between the land taken and that which was not taken. The items for which recovery is sought will for convenience be referred to collectively as damages.

In the light of the matters to be considered on this appeal and the fact that the right to take is not a matter of controversy, it does not appear necessary to further describe the property involved or the surrounding area.

The plaintiffs called four witnesses who gave testimony as to the amount of damages which had been sustained. Two of these were co-owners having knowledge of the property and two testified as experts by opinion as to the value of and damage to the property. Each of these witnesses testified to his opinion as to the amount of damages which was considerably in excess of the amount of the verdict and the judgment.

No objection was interposed by the defendant at the trial to the foundation laid for this testimony, its competency, its relevancy, or its materiality. Furthermore, no error was asserted in the motion for new trial attacking this evidence on any of these grounds.

It is pointed out here that witnesses for plaintiffs gave testimony as to damages in excess of the amount claimed in the petition, which was objected to. It is urged substantially in the brief here that to allow such testimony to stand was error. The contention however is without merit.

In Missouri Valley Land Co. v. Bushnell, 11 Neb. 192, 8 N. W. 389, it was said: "A demurrer to a petition only lies to the statement of facts constituting the supposed cause of action, not to the prayer for relief, which may be much in excess of what those facts warrant the court to grant." See, also, Burnham v. Bennison, 121 Neb. 291, 236 N. W. 745.

In Central Nebraska Public Power & Irr. Dist. v. Wal-

ston, 140 Neb. 190, 299 N. W. 609, it is pointed out that notwithstanding the prayer for relief is a part of the petition, it is no portion of the statement of facts which are required to constitute a cause of action.

The defendant called two witnesses who gave testimony as to the amount of damages which the plaintiffs sustained. These two testified as experts by opinion as to the value of the land and damage to the plaintiffs. As in the case of the witnesses for plaintiffs there was no objection as to foundation, competency, relevancy, or materiality, and there was no motion to strike or withdraw the evidence from the consideration of the jury.

The opinions of these witnesses as to value was far below that testified to by the witnesses for the plaintiffs and also far below the valuation fixed by the verdict of the jury and the amount for which judgment was rendered.

The opinions of the witnesses on both sides were approximations. The range however of damage which was testified to by the witnesses for the plaintiffs was from $79,250.07 to $97,264.71. The range of the value fixed by the testimony of defendant's witnesses was from $23,650 to $32,200.

With regard to the matter of proof of damages this was the state of the record when the case was submitted to the jury. The result of that submission has been pointed out.

After judgment a motion was filed which contains 13 asserted grounds for a new trial, which, as pointed out, was sustained.

The case then becomes controllable by rules laid down in Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772, which was a case wherein the district court gave no reason for its order granting a new trial. They are the following:

"If the trial court gave no reasons for its decision, then the appellant meets the duty placed upon him when he brings the record here with his assignments of error and

submits the record to critical examination with the contention that there was no prejudicial error. The duty then rests upon the appellee to point out the prejudicial error that he contends exists in the record and which he contends justifies the decision of the trial court. The appellant then in reply has the right, if he desires, of meeting those contentions.

"Those errors will then be considered and determined here so far as necessary to the appeal, subject, of course, to the right to notice and consider plain errors not assigned.

"Where testimony is offered and admitted in evidence without objection being made thereto, error cannot be predicated thereon on appeal. The rule applies to the district court when reviewing its own proceedings on motion for a new trial." See, also, Pongruber v. Patrick, 157 Neb. 799, 61 N. W. 2d 578; Fuss v. Williamson, 159 Neb. 525, 68 N. W. 2d 139; Gain v. Drennen, 160 Neb. 263, 69 N. W. 2d 916; Borsen v. Moskowitz, 163 Neb. 223, 79 N. W. 2d 178; Maska v. Stoll, 163 Neb. 857, 81 N. W. 2d 571; Hilligas v. Farr, 171 Neb. 105, 105 N. W. 2d 578; Law v. Gilmore, 171 Neb. 112, 105 N. W. 2d 595; Haith v. Prudential Ins. Co., 171 Neb. 281, 106 N. W. 2d 169; Barker v. Wardens & Vestrymen of St. Barnabas Church, 171 Neb. 574, 106 N. W. 2d 858.

In pursuance of the requirements of these rules the plaintiffs appealed and as grounds for reversal by assignments of error they state (1) that the court erred in sustaining the defendant's motion for new trial, and (2) that there was no error prejudicial to defendant in the admission of evidence. They relied in their briefs on their proof of damage, which has been adverted to herein, and argument the effect of which was to say that no prejudicial error was committed in the admission of evidence.

The defendant in its brief set forth nothing in the nature of specific reason in support of the order vacating the verdict and judgment and granting a new trial. The

motion for new trial contained 13 assignments of error, but only one of them is considered specifically in the brief. That one is to say that the court erred in giving instruction No. 2. Others which are argued generally are (1) that the verdict and judgment are not sustained by sufficient evidence; (2) that the verdict is clearly wrong in that it indicates that it was found through passion, prejudice, mistake, and other means not apparent in the record; (3) that there were errors in ruling on admissibility of evidence; and (4) that the verdict is excessive and not supported by competent evidence.

For the second of these four there is no basis in the evidence at all. An affidavit is found in the transcript which for reasons already stated may not be regarded for any purpose, but even if it could, nothing is contained in it which would support the contention made.

As to the third, the record has been searched and no incidents of erroneous admissions of evidence have been found.

The first and fourth will be considered together. They are related to the sufficiency and competency of the evidence to sustain the verdict. The competency of the evidence for the plaintiffs has not been brought into question. Under the rules already stated the question of competency is not available to the defendant.

There being no question of competency to be considered, in the light of the record made, the question of the sufficiency of the evidence was one for submission to and determination by the jury.

This court has said with reference to verdicts of juries in actions for damages on account of condemnation: "Where a verdict of a jury is clearly against the weight and reasonableness of the evidence it will be set aside and a new trial granted." Twenty Club v. State, 167 Neb. 37, 91 N. W. 2d 64. See, also, Leffelman v. City of Hartington, 173 Neb. 259, 113 N. W. 2d 107.

In Langdon v. Loup River Public Power Dist., 144

Neb. 325, 13 N. W. 2d 168, it was pointed out that in a condemnation action the weight and credibility of testimony of either lay or expert witnesses regarding value of land taken or value of remainder immediately before and immediately after taking is for the jury.

In Medelman v. Stanton-Pilger Drainage Dist., 155 Neb. 518, 52 N. W. 2d 328, it was said: "Under ordinary circumstances expert opinion evidence is to be considered and weighed by the triers of fact like any other testimony."

As to the attitude to be taken by this court on review of the verdict of a jury in a condemnation action, it was said in Kennedy v. Department of Roads & Irrigation, 150 Neb. 727, 35 N. W. 2d 781: "The amount of damages sustained by a landowner for a right-of-way condemned across his land is peculiarly of a local nature to be determined by a jury and this court will not ordinarily interfere with the verdict if it is based upon the testimony.

"When the evidence is conflicting, the verdict of the jury will not be set aside unless it is clearly wrong."

From an analysis of the record in the case here it cannot be said that the verdict of the jury was clearly against the weight and reasonableness of the evidence. The qualifications of the opposing experts must be regarded as sufficient and nothing appears the effect of which is to challenge their credibility. The testimony of the two co-owners was based on a knowledge of the property, its surroundings, and probable uses. The evidence of damages was widely conflicting, but there is nothing in the record to justify a finding that the damage fixed by the jury was clearly wrong. The general argument of the defendant presented with reference to assignments of error contained in the motion for new trial is without substantial basis

As pointed out objection was made in the motion for new trial to instruction No. 2 which was given. Instruction No. 3 also was objected to in the motion for

new trial but no objection to it is presented here. The two instructions however must be considered together.

Instruction No. 3 declared the basis for the ascertainment of the right of recovery in the case of the absolute taking of property in a condemnation action. No fault is found with this declaration.

Instruction No. 2 declared that 4.74 acres were so taken and that the plaintiffs were entitled to recover for this. The declaration is correct.

This instruction called attention to the fact that an easement over 2.48 acres was also condemned. The jury was told that the measure of damage was the difference in value before and after taking. This is correct and it is not otherwise contended.

The instruction called attention comprehensively to the fact that by the condemnation proceeding 3.21 acres of the original total land area remained and, if this was damaged, the measure of the damage was the difference between the value before and after taking of the other land and of the easement. It is not contended that this is not the proper measure for this.

The instruction was not erroneous particularly when analyzed and construed in the light of other instructions and proper principles of law about which there is no dispute.

There remains only for consideration the rule that this court has the right to consider plain errors not assigned and to adjudicate accordingly. In this case no such errors have become apparent.

In the light of the record which is before this court the conclusion reached is that the judgment of the district court setting aside the verdict of the jury and the judgment rendered thereon, and the order granting a new trial, were erroneous.

Accordingly the judgment of the district court is reversed and the cause remanded with directions to reinstate the verdict of the jury and the judgment thereon.

REVERSED AND REMANDED WITH DIRECTIONS.