JOSEPH KRAMER, APPELLANT, V.
DOUG SWANSON, DOING BUSINESS AS
MID-STATE BUILDING AND SUPPLY CO., ET AL.,
APPELLEES.

305 N.W.2d 806

Filed May 15, 1981.  No. 43449.

John O. Sennett for appellant.
Kay & Kay for appellees.

Heard before KRIVOSHA, C.J., McCOWN, WHITE, and HASTINGS, JJ., and MORAN, District Judge.

WHITE, J.

The plaintiff-appellant, Joseph Kramer, brought this action in the District Court for Logan County, Nebraska, against the defendants-appellees, Doug. Swanson, doing business as Mid-State Building and Supply Co., and Chief Industries, Inc. (hereafter Chief). Plaintiff alleged in his petition that he purchased a grain storage building for installation on his farm, which was manufactured, constructed, and sold by the defendant Chief through its agent, defendant Swanson, and that defendant Chief had breached express and implied warranties as to fitness for the particular purpose requested by plaintiff, i.e., grain storage, since, after grain was stored in the building, the building leaked, the sides began to bulge, and the doors did not work properly, resulting in damage to the plaintiff. Defendant Chief filed a general denial and then a motion for summary judgment. The trial court granted Chief's motion for summary judgment based on findings that Swanson was not Chief's agent and that no warranties had been made or breached by Chief. We affirm.

We note at the outset that plaintiff failed to file a motion for new trial. In an appeal from an order granting a motion for summary judgment, a motion for new trial is necessary in order for the court on appeal to review alleged errors in evidence. *Valentine Production Credit Assn. v. Spencer Foods, Inc.*, 196 Neb. 119, 241 N.W.2d 541 (1976); *Ingersoll v. Montgomery Ward & Co., Inc.*, 171 Neb. 297, 106 N.W.2d 197 (1960). When a motion for new trial is not filed in a law action, the court on appeal will examine the record only for the purpose of determining whether or not the judgment of the trial court is supported by the pleadings. *Sempek v. Sempek*, 198 Neb. 300, 252 N.W.2d 284 (1977); *Nebraska Children's Home*

*Soc. v. Collins,* 195 Neb. 531, 239 N.W.2d 258 (1976). Exhibits not identified as an attachment to any pleading nor as part of an order or entry of any kind are not part of the pleadings. *Connor v. State,* 175 Neb. 140, 120 N.W.2d 916 (1963).

The allegations in plaintiff's petition amount to a claim that because Swanson was allegedly an agent of Chief, both Chief and Swanson are liable for the defective construction of the building. It is undisputed that the materials which were furnished by Chief were not defective. However, the contract between plaintiff and defendant Swanson, which is incorporated in the petition, does not support the allegation of agency. Nothing in the contract mentions Chief, nor does it even state that the structure to be sold to plaintiff was to be a Chief building. Although the contract does refer to defendant Swanson as an authorized vendor of farm grain storage buildings, it does not elaborate as to the source of this authority and certainly does not give any indication of an agency relationship between Swanson and Chief. This document appears to constitute the entire agreement between plaintiff and Swanson, and we therefore find nothing in the pleadings to support a claim of agency.

Similarly, plaintiff's petition contains certain statements which it alleges were warranties in the form of representations made by Chief as to the fitness of the building for grain storage. Nowhere does the contract between plaintiff and Swanson allude to any such representations by Chief, and nothing else contained in the pleadings, apart from the bare allegation, demonstrates that such representations were ever made or breached by Chief.

We find that the judgment of the trial court is supported by the pleadings and thus affirm the granting of summary judgment in favor of Chief.

AFFIRMED.