PHENIX INSURANCE COMPANY OF BROOKLYN V. FRED A. FULLER.

FILED FEBRUARY 17, 1898.   No. 7862.

1. Insurance: TITLE TO INSURED PROPERTY: WAIVER OF CONDITION. Where no inquiries are made of an insured as to the character or condition of his title; where he makes no false representation as to the character and condition of his title, relying upon which the insurer is induced to and does insure the property; where the insured has an insurable interest in the property, the insurer accepts and retains the premium and a loss occurs, then the insurer

cannot escape liability for such loss because of the fact that the insured at the date of the policy was not invested with an absolute and unincumbered title to the insured property, even though the policy provides that it shall be of no validity unless the title of the insured be an unconditional unincumbered one, as in such case it will be conclusively presumed against the insurer that it intended to and did insure the interest which the insured had in the property and waived the provision in the policy providing for its invalidity by reason of the imperfect title of the insured.

2. Transcript for Review: OPINION OF TRIAL COURT. Where a case is tried to the court without a jury and a general finding made upon which judgment is rendered, and, in addition thereto, the court files a written opinion in the case, such opinion is not an essential part of the record of the case when it is brought here for review.

3. ———. The judgment of the district court must stand or fall upon the statutory record of the case—that is, the pleadings, the finding and judgment, and the bill of exceptions made a part of the record.

4. Trial to Court: DECISION: REVIEW. In reviewing such case this court will conclusively presume that the trial court considered all the competent evidence before it and decided all the material and necessary issues presented, though from the language of the written opinion the contrary should be made to appear.

ERROR from the district court of Douglas county. Tried below before AMBROSE, J. *Affirmed.*

*Jacob Fawcett* and *Greene & Breckenridge,* for plaintiff in error.

*George W. Shields, contra.*

RAGAN, C.

Fred A. Fuller sued the Phenix Insurance Company of Brooklyn, New York, in the district court of Douglas county to recover the value of certain property of his destroyed by fire, which property the insurance company had insured against loss or damage by fire. Fuller had a verdict and judgment, and the insurance company has filed here a petition in error to review such judgment.

1. The policy contained this provision: "If the interest of the assured in the property be other than an uncondi-

tional exclusive ownership, or if any other person or persons have any interest whatever in the property described, whether it be real estate or personal property, or if there be a mortgage or other incumbrance thereon, whether inquired about or not, it must be so notified to the company, and be so expressed in the written part of this policy, otherwise this policy shall be void." At the time of the issuance of the policy in suit the personal property of the insured was incumbered by a chattel mortgage. The insured did not notify the company of the existence of this mortgage, and no memorandum of its existence was written in the policy. The insurance company interposed as a defense to the action in the district court the existence of this chattel mortgage upon the insured property; and the first argument here is that the judgment of the district court is contrary to law, because the undisputed evidence shows that such a mortgage existed upon the insured property at the date of the issuance of the policy, and that the insurance company was not notified of the existence of such mortgage, and no memorandum of its existence was written in the policy. The evidence on behalf of the insured tends to show that the agent of the insurance company solicited this insurance. At the time the agent had no actual knowledge of the existence of the chattel mortgage upon the property, but made no inquiries of the insured as to whether the property was incumbered. In fact, the subject of an incumbrance upon the property about to be insured was not mentioned by either party, and while the insured kept silent upon the subject of the incumbrance, he did not do so with any sinister motive. In other words, the subject of the incumbrance upon the property was not mentioned, because it seems not to have been thought of either by the insured or the insurer. The premium for the insurance was paid by the insured and accepted and retained by the insurer. The evidence further shows that the value of the property at the date of its insurance exceeded the incumbrance thereon, and

at the date of the destruction of the property by fire the
incumbrance had been so reduced that the property de-
stroyed exceeded in value both the insurance and the in-
cumbrance thereon.     In *Ins. Co. of North America v. Bach-
ler*, 44 Neb. 549, it was held that where the insured was
not questioned as to incumbrances on his property, and
did not intentionally conceal the existence of an incum-
brance and did not keep silent in regard to the incum-
brance from any sinister motive, the existence of a mort-
gage upon the property did not invalidate the policy.
And in *German Ins. Co. v. Kline*, 44 Neb. 395, it was held
that where the application for insurance is oral, and no
inquiry made as to the condition of the title of the prop-
erty, the insured in fact had an insurable interest in the
property, the premium paid and accepted and retained,
the insurance company would be conclusively presumed
to have insured the insurable interest which the owner
had in the property and to have waived the provision in
the policy providing for its forfeiture by reason of the
existence of an incumbrance upon the property.    These
cases control the case at bar.

2. This case was tried to the court without a jury, and
the court found generally in favor of the insured and
against the insurance company and entered an ordinary
money judgment on such finding; but the learned district
judge also wrote an opinion in the case, and in this opin-
ion he states that he did not deem it necessary to pass
upon the merits of the defense just considered and re-
served the question presented by that defense.    A sec-
ond argument here is that the judgment must be reversed
because the only issue in the case has not been passed
upon or decided by the district court; but this argument
assumes that the opinion of the district judge is an essen-
tial part of the record of the case brought here; but it is
not.    In reviewing a case brought here, either on error
or appeal, while this court is always pleased to have the
benefit of the written opinion of the trial judge, still the
judgment of the district court must stand or fall upon the

statutory record of the case—that is, the pleadings, the finding and judgment of the district court, and the bill of exceptions made a part of the record; and where general findings are made by a court and a judgment pronounced thereon, we must conclusively presume that the trial court considered all the competent evidence before it, and decided all the material and necessary issues presented by the pleadings, though from the language of the opinion the contrary should be made to appear. The judgment of the district court is

AFFIRMED.