FARMERS & MERCHANTS INSURANCE COMPANY V. THOMAS E. MICKEL.

FILED JUNE 9, 1904.    No. 13,541.

1. **Insurance:** INSURABLE INTEREST. If the holder of an interest in property will suffer loss by its destruction, he may indemnify himself therefrom by a contract of insurance. If, by the loss, the holder of the interest is deprived of the possession, enjoyment or profit of the property, or a security or lien resting thereon, or other certain benefits growing out of or depending upon it, he has an insurable interest. Following *German Ins. Co. v. Hyman*, 34 Neb. 704.

2. **Forfeiture:** WAIVER. When an insurance company issues its policy, and accepts and retains the premium, without requiring an application by the insured, and without making inquiry as to the condition of the property or the state of its title, and the insured has, in fact, an insurable interest, the company will be conclusively presumed to have insured such interest, and to have waived all provisions in the policy providing for its forfeiture by reason of any facts or circumstances affecting the condition or title of the property in regard to which no such statement was required or inquiry made. Following *German Insurance & Savings Institution v. Kline*, 44 Neb. 395.

ERROR to the district court for Douglas county: JACOB FAWCETT, JUDGE. *Affirmed.*

*Henry W. Pennock* and *Halleck F. Rose,* for plaintiff in error.

*O'Neill & Gilbert, contra.*

OLDHAM, C.

This is a suit on a policy of insurance. There is no disputed question of fact underlying the controversy. The plaintiff in the court below procured the policy of insurance from defendant's agent on his dwelling house and its contents. During the existence of the policy the house and contents were destroyed by fire. After proper notice of the fire to the defendant company, the loss of the household and kitchen furniture was adjusted and paid by the company, but all liability for loss on the building was denied, because the building was situated on leased premises. The insurance policy contained, among others, the following stipulation:

"If the interest of the insured in the property be any other than the entire unconditional and sole ownership of the property for the use and benefit of the insured, or, if the building stands on leased ground or ground not actually owned by insured in fee simple, it must be so expressed in the written portion of the policy; otherwise the policy shall be void."

The policy was issued on the oral application of plaintiff's brother, who was acting for him, and no representation of any kind was made touching the nature of the plaintiff's title to the land on which the building was situated. The undisputed evidence showed that the house destroyed by fire was worth considerably more than the amount for which it was insured. There was no claim of fraud or misrepresentation in procuring the insurance, the defendant company relying solely on the above stipulation as a warranty, which was broken on the delivery of the policy. On issues thus joined, there was a trial to

the court, without the intervention of a jury; judgment for plaintiff, and defendant brings error to this court.

The first question urged for our consideration, in a very able brief filed by the insurance company, is as to whether the plaintiff in the court below was possessed of an insurable interest in the house, situated, as it was conceded to have been, upon leased ground. It was alleged in defendant's answer, and admitted by plaintiff, that the house was built upon a substantial brick or stone foundation, that it had a cellar excavated beneath it, was attached to, and under ordinary circumstances would have passed with the realty. But conceding, for the sake of the argument, that the contention is true to this extent, it does not follow that the plaintiff had no insurable interest in the building, even if he could have been restrained from removing it in a suit by the owner of the fee, for as was said by this court in *German Ins. Co. v. Hyman*, 34 Neb 704:

"If the holder of an interest in property will suffer loss by its destruction he may indemnify himself therefrom by a contract of insurance. If, by the loss, the holder of the interest is deprived of the possession, enjoyment, or profit of the property, or a security or lien resting thereon, or other certain benefits growing out of or depending upon it, he has an insurable interest."

It being clearly apparent that plaintiff in the court below was the holder of an insurable interest in the dwelling house, we proceed to the consideration of the next contention of the insurance company, which is that the stipulation in the policy is a warranty which was broken on the delivery of the policy. The company frankly admits that to reach this conclusion we will be under the necessity of overruling our former adjudications in *Slobodisky v. Phenix Ins. Co.*, 53 Neb. 816; *Phenix Ins. Co. v. Fuller*, 53 Neb. 811; *Hanover Ins. Co. v. Bohn*, 48 Neb. 743, and *German Insurance & Savings Institution v. Kline*, 44 Neb. 395, because, as alleged in the brief, "they are at war with fundamental principles and should be overruled." The

doctrine which has long received the approval of this court, and which was followed by the learned trial judge in the determination of the instant case in the court below, was well stated by IRVINE, C., who spoke for the court in *German Insurance & Savings Institution v. Kline, supra,* when he said:

"When an insurance company issues its policy and accepts and retains the premium without requiring an application by the insured, and without making any inquiry as to the condition of the property or the state of the title, and the insured has in fact an insurable interest, the company will be conclusively presumed to have insured such interest and to have waived all provisions in the policy providing for its forfeiture by reason of any facts or circumstances affecting the condition or title of the property in regard to which no such statement was required or inquiry made. The real contract of insurance is made before the policy is written, and the insured, by accepting the policy with such a condition as the one relied upon, cannot be deemed to have represented his title to be in fee simple, or not by leasehold."

While it is true that the principle underlying this doctrine has been questioned by some eminent text writers and a contrary rule is established by the adjudication of courts of last resort in some other states, yet we do not feel that it is so radically wrong in principle, or so far removed from the weight and current of authority as to justify a departure from it in the case at bar. The most that can be said of the rule which we have followed is, that it is a mooted question on which eminent authorities differ. The position of this court has the approval of courts of last resort in such states as Pennsylvania, Massachusetts, Michigan, Wisconsin and Washington, and it is a rule under which contracts of insurance have been entered into in this state between assured and insurer for almost a generation, and unless it is clearly and unmistakably wrong, it should not be departed from in the interpretation of any contract entered into during the time that it

was in force. There is nothing in this rule of construction that can work any hardship or injustice to either of the contracting parties for insurance. If the underwriters do not desire to insure buildings situated on leased premises they can exclude this class of risks entirely from their liabilities, but as long as they provide conditions in their policies, under which buildings situated on leased premises may be insured, when fully advised of the extra hazard of insuring buildings so situated, it is no hardship to require them to make an inquiry as to the nature of the title of the insured to the grounds upon which the building is located, before accepting the premium and delivering a policy of insurance covering such risk. It seems to us, that as long as insurance companies desire to avail themselves of the profits that may arise from issuing policies on buildings situated on grounds to which the assured has not the fee simple title, they should either voluntarily carry the extra hazard of such risks or use ordinary diligence in inquiring as to the character of the title before accepting the benefit of the undertaking. We believe the rule of this court announced in *Rochester Loan & Banking Co. v. Liberty Ins. Co.*, 44 Neb. 537; *Insurance Co. of North America v. Bachler*, 44 Neb. 549; *Hanover Ins. Co. v. Bohn, supra*, and *Phenix Ins. Co. v. Fuller, supra*, is sound in principle and should be adhered to.

We therefore recommend that the judgment of the district court be affirmed.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.