# William Simmons, Appellee, v. Home Insurance Company, Appellant.

1. INSURANCE—*when special plea of want of arbitration as condition precedent to action on policy improper.* In an action on a policy of fire insurance, a special plea that determination of the amount of the loss by arbitration was a condition precedent to a right of recovery and that there had been no arbitration, cannot be sustained where, by the terms of the contract, no arbitration was required unless the parties disagreed as to the amount of the loss and neither the plea nor the evidence showed there was a disagreement in that regard.

2. INSURANCE—*estoppel to claim forfeiture for increased hazard by gasoline engine.* Where it appeared that insured stated in his application for fire insurance that the buildings were lighted by electricity and it also appeared that the agent of the insurer who issued the policy examined the premises and saw how the electricity was generated before the contract was made and there was no change thereafter, the insurer was in no position to claim a forfeiture on the ground that the insured maintained a gasoline engine on the premises to generate electricity and that the hazard was thereby increased.

3. INSURANCE—*necessity of pleading waiver of proofs of loss to admit proof of waiver.* In an action on a policy of fire insurance, waiver of the furnishing of proofs of loss within the time provided for in the policy need not be specially pleaded and where plaintiff avers that he furnished proofs of loss he may establish the fact by proof of waiver.

4. CONTINUANCES—*filing of unnecessary replication as ground for continuance for surprise.* In an action on a policy of fire insurance where plaintiff alleged that proofs of loss were furnished within the time required by the contract so that he was entitled to prove that the filing of such proofs was waived, the fact that he was permitted to file, unnecessarily, a replication alleging such waiver would not entitle defendant to a continuance on the ground of surprise unless it had a valid ground therefor independent of the filing of the replication.

5. INSURANCE—*estoppel of insurer to deny acknowledgment in policy of payment of premium.* In the absence of fraud, an insurance company is estopped to prove, for the purpose of avoiding the policy, that the premium acknowledged therein to have been paid was not, in fact, paid.

6. INSURANCE—*extent of recovery by lessee under fire policy*

*running to him alone.* In an action by the lessee of buildings on a policy of fire insurance insuring him against all direct loss and damage by fire, insured is entitled to recover the full amount of his loss and the court did not err in refusing to instruct the jury that he could only recover for the value of the use of the buildings during the unexpired term of the lease.

Appeal by defendant from the City Court of Granite City; the Hon. M. R. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed February 9, 1925. *Certiorari* denied by Supreme Court (making opinion final).

J. B. HARRIS and LEAHY, SAUNDERS & WALTHER, for appellant.

H. J. BANDY, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellant insured two buildings for appellee in the sum of $3,000 and during the term of the policy they were totally destroyed by fire. To a declaration in the usual form the general issue and seven special pleas were pleaded. The trial resulted in a verdict and judgment for $2,500. The first special plea was to the effect that the determination of the amount of the loss, by arbitration, was a condition precedent to a right of recovery and that there had been no arbitration. By the terms of the contract no arbitration was required except in case the parties disagreed as to the amount of the loss. Neither the plea nor the evidence shows that there was a disagreement in that regard. In that state of the record arbitration was not required, as this court held in *Hanover Fire Ins. Co. v. Harper*, 77 Ill. App. 453.

The second and fourth special pleas set up alleged misrepresentations as to the use that would be made of the buildings and that they were in fact used as a place for the unlawful sale of intoxicating liquor and that by reason thereof the hazard was increased,

etc. The proof does not sustain those pleas. The third and sixth special pleas were to the effect that appellee maintained and operated upon the premises a gasoline engine and other machinery for the generation of electricity without the knowledge or consent of appellant and that the hazard was increased thereby. Appellee stated in his application that the buildings were lighted by electricity and the evidence shows that the agent who issued the policy examined the premises and saw how the electricity was generated before the insurance contract was made and that there was no change in that regard thereafter. Appellant was in no position to claim a forfeiture on that ground.

Appellee averred in his declaration that proofs of loss were furnished within 60 days after the date of the fire. By its fifth special plea appellant denied that such was the fact. Upon the trial appellee testified, without objection, that appellant was promptly notified of the loss and sent an adjuster who investigated the same within a very few days; that within the 60 days he asked the adjuster if there was anything more that he should do in the way of making reports in order to collect his claim and that the adjuster told him he had done all that he could do. By leave of court appellee then filed a second replication to the fifth plea to the effect that appellant had waived formal proofs of loss. Later in the trial appellant offered to prove that after appellee had testified as above stated it had made diligent efforts to locate the said adjuster and secure his attendance as a witness but was unable to find him. The offer showed diligence after appellee had testified but there was no showing of previous diligence in that regard. There was no suggestion that the adjuster had no authority to waive proofs of loss or that appellant had any reason to believe that he would contradict the testimony of appellee. Appellant then asked leave to file an af-

fidavit in support of a motion to withdraw a juror and for a continuance on the ground of surprise because of appellee's testimony aforesaid. No motion or affidavit was actually presented to the court. So far as the record shows appellant may have known that the adjuster would corroborate appellee.

In cases of this kind waiver need not be specially pleaded and if plaintiff avers that he furnished proofs of loss he may establish the fact by proof of a waiver. *Gray v. Merchants' Ins. Co. of Newark,* 125 Ill. App. 370; *Continental Ins. Co. v. Rogers,* 119 Ill. 474; *Rosater v. Peoria Life Ass'n,* 149 Ill. App. 536; *Downs v. Michigan Commercial Ins. Co.,* 157 Ill. App. 32. Appellee was entitled to prove a waiver without filing a replication to the effect that proofs of loss had been waived. *German Fire Ins. Co. v. Grunert,* 112 Ill. 68-76. The fact that he was permitted to file a useless and unnecessary pleading would not entitle appellant to a continuance unless it had a valid ground therefor independent of the filing of the replication. The general issue required appellee to prove that he furnished proofs of loss or that they were waived. If he had not filed the replication, appellant probably would have been just as much surprised as it was, but would have no ground for continuance because of a lack of diligence prior to the trial. The court did not err in its rulings in the regards aforesaid.

The seventh special plea was to the effect that the premium was $88.50 and that the policy was delivered to appellee upon an implied promise to pay the premium within a reasonable time after the delivery of the policy but that he had failed and refused to do so. In the absence of fraud, an insurance company is estopped to prove, for the purpose of avoiding the policy, that the premium acknowledged therein to have been paid was not, in fact, paid. *Illinois Cent. Ins. Co. v. Wolf,* 37 Ill. 354; *Helbig v. Citizens Ins. Co.,* 120 Ill. App. 58. No fraud was shown and the evidence discloses that appellee paid more than half

of the premium about 30 days after the policy was issued. The court instructed the jury that in determining the amount of their verdict they should allow appellant the balance of the premium in case they found in favor of appellee. The verdict was for $2,500 while the amount of the loss was $3,500 and the policy was $3,000.

We are of the opinion that no reversible error was committed in the admission or exclusion of evidence. It is argued that as the buildings were upon leased ground and the lease did not authorize a removal of the same, therefore appellee was not entitled to recover their full value. The application informed appellant that the buildings were on leased ground. On the trial two witnesses testified to the value of the buildings at the time of the fire, one of whom was the contractor who had erected them a few months before their destruction. He testified, without objection, that they were worth $3,500 or $3,600. The other witness placed their value at $3,500 and the only objection to his testimony was that he had not qualified. Appellant offered no evidence as to the amount of the loss. Appellee had an insurable interest in the property. 14 R. C. L. 915; *Farmers' & Merchants' Ins. Co. v. Mickel,* 72 Neb. 122, 100 N. W. 130. By its policy appellant insured appellee against all direct loss and damage by fire to the buildings to an amount not exceeding $3,000. Appellee was entitled to recover the full amount of the loss and damage, *Andes Ins. Co. v. Fish,* 71 Ill. 620, and the court did not err in refusing to instruct the jury that he could only recover for the value of the use of the buildings during the unexpired term of the lease.

We find no reversible error and the judgment is affirmed.

*Affirmed.*