ALBERT BELL, APPELLANT, v. THEODORE JANING, APPELLEE.
199 N. W. 2d 24

Filed June 30, 1972.   No. 38326.

Frank B. Morrison, Sr., and Stanley A. Krieger, for appellant.

Clarence A. H. Meyer, Attorney General, and Calvin E. Robinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

WHITE, C. J.

This is an appeal from a denial of relief in a habeas corpus case. The question involved is whether the illegality of the appellant's custody prior to and at the time of the Governor's issuance of a rendition warrant honoring a request from a sister state renders the warrant void and unenforceable. The district court found that it did not, and we affirm the judgment of the district court.

Only the facts necessary for our disposition of this case will be recited in this opinion. The appellant was arrested on May 23, 1971, as a fugitive from justice. Under sections 29-743 and 29-745, R. R. S. 1943, of the Uniform Criminal Extradition Act, the appellant became entitled to release from custody on August 21, 1971, the date on which 90 days had elapsed which is the limit of legal detention under the statute. The appellant remained in custody until August 24, 1971, between 2 and 3 days after he was entitled to release. During this period of time, the Governor of the State of Nebraska received a rendition warrant from a sister state, which was served and the appellant's confinement by the State was continued pursuant to the authority of the rendition warrant.

We must assume, in deciding this case, that the State's custody of the appellant was unlawful during some or all of the time after August 21, 1971. It is obvious that during this very short period of time the appellant would have been entitled to release under the statute on a writ of habeas corpus. The question presented to us though is not the propriety of the custody during this period of time. We are confronted with the question of the propriety of the custody after the State's receipt of the rendition warrant. The decisions and authority in this situation are clear. In a decision on

facts substantially identical to those before the court here, the federal court held, in Lott v. Heyd, 315 F. 2d 350, as follows: "Assuming that the appellant was held for three days without legal authority, no federally-protected rights were violated and to hold that Louisiana's alleged misbehaviour deprived Mississippi of its Constitutional right to the fugitive would amount to allowing the State of Louisiana to amend the Constitution." Further cumulative authority precisely in point is found in Gummow v. Larson, 35 Ill. 2d 280, 220 N. E. 2d 165; State v. Hedman, 280 Minn, 69, 157 N. W. 2d 756; Lombardo v. Tozer (Mo.), 264 S. W. 2d 376; Cohen v. Warden, 252 F. Supp. 666.

It is clear that the cited sections of the Uniform Criminal Extradition Act are to prevent an unreasonable lengthy period of confinement of fugitives pending consummation of extradition proceedings by the demanding state. It is clear that they are entitled to the writ of habeas corpus to enforce the provisions of these sections of the statute. It is even more clear, however, that there is no indication, either under the Constitution of the United States or of any legislative intent to restrict the period within which a sister state may issue a rendition warrant to apprehend a fugitive and to make him respond to criminal proceedings in the sister state. There is no merit to the appellant's contention.

The judgment of the district court is correct and is affirmed.

AFFIRMED.