IN RE APPLICATION OF IRVING STEWART WISE FOR A WRIT
OF HABEAS CORPUS.
IRVING STEWART WISE, APPELLANT, V. STATE OF NEBRASKA,
APPELLEE.

251 N. W. 2d 373

Filed March 9, 1977. No. 40842.

Paul E. Galter, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

CLINTON, J.

This is a habeas corpus action commenced in the District Court for Nemaha County against the sheriff of that county. The action is in resistance to a warrant of extradition issued by the Governor of the State of Nebraska upon a requisition of the Governor of the State of South Dakota and is founded upon a charge against the defendant in South Dakota of conspiracy to obtain money under false pretenses. After hearing, the trial court denied the relief requested by the petitioner and he appeals.

The errors assigned here are: (1) The requisition by the Governor of South Dakota is insufficient to meet the requirements of the extradition statutes. (2) The State of South Dakota denied the petitioner a right to a speedy trial upon the charge which is the foundation of the requisition for extradition and the State of Nebraska is not required to assist the demanding state in violating the petitioner's constitutional rights.

The brief record before us shows that an information on the charge was filed against the defendant in South Dakota in June 1973 and that this information was dismissed by the South Dakota court on December 15, 1975, without prejudice to refiling. The stated ground for the dismissal was that the cause had not been brought to trial on or before the second term after the one in which the information was filed. The information was refiled on December 16, 1975, and it is

on that information that the extradition request is founded.

The petitioner's first claim of error is founded upon the allegations that (1) the information does not charge a crime; (2) the information and affidavit accompanying the request are not properly authenticated; and (3) the defendant is not a fugitive from justice. We have examined the proceedings and conclude that the petitioner's assignments are not well founded. The request of the Governor of South Dakota and the accompanying papers are in proper form and are sufficient. The applicable rule is: "Where a prisoner detained under a writ of extradition regular on its face demands his freedom on the ground that the complaint against him does not charge a crime under the statutes of the demanding state, the burden is on him to maintain his position by producing the statute." Gorgen v. Tomjack, 160 Neb. 457, 70 N. W. 2d 514. The authentication by the Governor is sufficient. The rules are: "In an extradition proceeding the requisition may refer to, annex, and authenticate accompanying papers and if together they meet statutory requirements that is sufficient. . . . The term authenticate, as used in extradition statutes, simply means a statement that the documents are what they purport to be." Austin v. Brumbaugh, 186 Neb. 815, 186 N. W. 2d 723. The petitioner, in his petition for the writ of habeas corpus and in his brief, makes various factual claims to the effect that he is not a fugitive from justice. These claims find no support in the record and are insufficient to overcome the recitals in the proceedings which, as we have noted, are in proper form.

With reference to the petitioner's second assignment relative to denial of a speedy trial by the State of South Dakota, the plaintiff cites several cases which he claims support the proposition that the surrendering state need not honor the request of the demanding state where the record tends to establish that the petitioner

has been deprived of his rights to a speedy trial. There is nothing in the record except as we have outlined above to support the claim that the petitioner was in fact deprived of his constitutional right to a speedy trial in South Dakota. We know nothing whatever about why the petitioner was not brought to trial on the first information. It is obvious that the facts recited do not in and of themselves constitute deprivation of a right to a speedy trial. Further, none of the authorities cited by the petitioner stand for the proposition that the state upon which requisition is made rather than the demanding state is to decide such constitutional questions. It would seem obvious, at least in the absence of a complete record of the facts upon which the issue must depend, that we should not do so. Such an issue goes essentially to the merits of the prosecution and ought to be decided by principles which are applicable to a determination of the merits of the prosecution. We have previously said: "In an action to procure a writ of habeas corpus, the guilt or innocence, or probable cause to believe one guilty who is held under extradition as a fugitive from justice from another state, is a matter exclusively for the courts of the demanding state." Gorgen v. Tomjack, *supra.*

The petitioner suggests in his brief that the principle embodied in the extradition statutes, "is not one of right, however, but one of courtesy. . . ." The right of one state to demand the return to it from another state of a fugitive from justice is founded upon the Constitution of the United States. Art. IV, § 2, Constitution of the United States. The implementation of the constitutional provision is, by virtue of the Constitution and statutes, an administrative function to be carried out by the executives of the states involved. Art. IV, § 2, Constitution of the United States; Title 18 U.S.C.A., § 3182; § 29-730, R. R. S. 1943. Extradition proceedings and habeas corpus review thereof should not be used as a vehicle to challenge acts undertaken

by a sister state to enforce its criminal laws. Bryan v. Conn, 187 Colo. 275, 530 P. 2d 1274; Ault v. Purcell, 16 Ore. App. 664, 519 P. 2d 1285. This is true even though the petitioner may claim that the demanding state has violated his constitutional right. Bryan v. Conn, *supra* (probable cause — revocation of parole — due process); Ault v. Purcell, *supra* (probable cause to believe crime committed — Fourth Amendment); Roscoe v. Warden, Baltimore City Jail, 23 Md. App. 516, 328 A. 2d 64 (former jeopardy). Such matters are to be determined by the courts of the demanding state.

AFFIRMED.