LARRY RALPH RODGERS, APPELLANT, v. DALE ADAMS, APPELLEE.
325 N.W.2d 157

Filed October 22, 1982. No. 82-090.

Stephen K. Yungblut, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

BOSLAUGH, J.

The appellant, Larry Ralph Rodgers, is charged with three counts of burglary and three counts of grand theft in Florida. He was arrested November 19, 1981, on a Nebraska Governor's warrant pursuant to extradition proceedings.

On November 30, 1981, Rodgers filed his application for a writ of habeas corpus alleging that his detention was unlawful. After an evidentiary hearing the trial court dismissed the application. Rodgers has appealed.

Rodgers' assignments of error allege the extradition papers fail to show that a neutral judicial officer in Florida made a finding of probable cause that he had committed a crime in Florida and do not state the circumstances surrounding the commission of the crime.

One of the extradition documents is an affidavit of probable cause made by an assistant state attorney of Florida. Attached to the affidavit is a certificate signed by a circuit judge of Florida that "probably [sic] cause" exists. This was sufficient to comply with the requirement that a determination of probable cause has been made by a neutral judicial officer of the demanding state. See *Brown v. Nutsch,* 619 F.2d 758 (8th Cir. 1980).

When a neutral judicial officer of the demanding state has determined that probable cause exists, the court in the asylum state may not review that determination. "We hold that once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state." *Michigan v. Doran,* 439 U.S. 282, 290, 99 S. Ct. 530, 58 L. Ed. 2d 521 (1978). See, also, *Wise v. State,* 197 Neb. 831, 251 N.W.2d 373 (1977).

The affidavit of probable cause made by the assistant state attorney of Florida contained a sum-

mary statement of the circumstances of the crimes with which Rodgers is charged.

The determination by the trial court that all statutory requirements for extradition had been satisfied was correct. The judgment is affirmed.

AFFIRMED.

McCOWN, J., participating on briefs.