LARRY DEAN RADANT, APPELLANT, V. BURTON VARGASON, SHERIFF OF ROCK COUNTY, NEBRASKA, APPELLEE.

368 N.W.2d 483

Filed May 31, 1985. No. 84-660.

James F. Brogan, and, on brief, John P. Heitz, for appellant.

Avery L. Gurnsey, Rock County Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding for a writ of habeas corpus. The petitioner, Larry Dean Radant, seeks his release from the custody of the respondent, Burton Vargason, the sheriff of Rock County, Nebraska. The petitioner is in the custody of the sheriff pursuant to a warrant issued by the Governor of Nebraska in extradition proceedings commenced by the State of Colorado.

After an evidentiary hearing the county court quashed the writ. On appeal to the district court, the order of the county court was affirmed. The petitioner contends that the district court erred in finding that the documents submitted by the State of Colorado complied with the provisions of the Uniform Criminal Extradition Act, Neb. Rev. Stat. §§ 29-729 et seq. (Reissue 1979 & Cum. Supp. 1984).

On August 12, 1983, the Governor of the State of Colorado made a written demand for the extradition of the petitioner, stating:

> WHEREAS, it appears by the annexed application for requisition and copies of <u>Complaint, Warrant, Affidavit, and Supporting Documents</u>, which I certify are authentic and duly authenticated in accordance with the laws of the State of Colorado, that under the laws of this state <u>Larry Dean Radant aka Larry Radant aka Larry D. Radant</u> stands charged with the crime of <u>Hunting Big Game without a valid license; /Possessing</u> * committed in this state, and it has been represented and is satisfactorily shown to me that the accused was present in Colorado at the time of the commission of said crime and thereafter fled from the justice of this state, and has taken refuge and is now to be found in the State of <u>Nebraska</u>.

At the same time, the Governor of the State of Colorado authorized Verne Soucie or his agent to receive the petitioner from the proper authorities of the State of Nebraska and convey him to the State of Colorado to be dealt with according to the law. Thereafter, on August 31, 1983, the Governor of the State of Nebraska issued the warrant authorizing the petitioner's arrest and his delivery to the agent of the State of Colorado. After his arrest the petitioner filed an application pursuant to § 29-738 for a writ of habeas corpus to test the legality of his arrest.

The matters which may be considered by the courts of the asylum state upon an application for a writ of habeas corpus are very limited. In *Michigan v. Doran*, 439 U.S. 282, 289, 99 S. Ct. 530, 58 L. Ed. 2d 521 (1978), the U.S. Supreme Court held:

> A governor's grant of extradition is prima facie evidence that the constitutional and statutory requirements have been met. Cf. *Bassing v. Cady*, 208 U.S. 386, 392 [28 S. Ct. 392, 52 L. Ed. 540] (1908). Once the governor has granted extradition, a court considering release on habeas corpus can do no more than decide (a) whether the extradition documents on their face are in order; (b) whether the petitioner has been charged with a crime in the demanding state; (c) whether the petitioner is the person named in the request for extradition; and (d) whether the petitioner is a fugitive.

See, also, *West v. Janing*, 202 Neb. 141, 274 N.W.2d 161 (1979); *Rodgers v. Adams*, 212 Neb. 716, 325 N.W.2d 157 (1982); *Wise v. State*, 197 Neb. 831, 251 N.W.2d 373 (1977).

The record demonstrates that all of the essential requirements of § 29-731, which sets out the requisites for a demand for extradition, have been met. See *Austin v. Brumbaugh*, 186 Neb. 815, 186 N.W.2d 723 (1971). Also, the essential requirements of § 29-736 have been complied with. The warrant which was issued authorizes that the accused be delivered to the duly authorized agent of the demanding state, Verne F. Soucie. The fact that the application for requisition set forth his name as Verne E. Soucie is of no consequence.

The petitioner further contends that the warrant issued by the Governor of Nebraska was defective in that it was signed

"Bob Kerrey" as opposed to "Robert Kerrey." Neb. Rev. Stat. § 29-735 (Reissue 1979) provides:

> If the Governor decides that the demand should be complied with, he shall sign a warrant of arrest, which shall be sealed with the state seal, and be directed to any peace officer or other person whom he may think fit to entrust with the execution thereof. The warrant must substantially recite the facts necessary to the validity of its issuance.

The petitioner argues that because the Governor of the State of Nebraska had previously signed an affidavit directed to the Secretary of State of the State of Nebraska stating that "your affiant now swears that for official purposes and as Governor in and for the State of Nebraska, it is his voluntary act and personal desire to be known as Robert Kerrey," a warrant signed "Bob Kerrey" is not an official act of the Governor of the State of Nebraska. The petitioner contends that the Governor's warrant is absolutely void. This argument is without merit.

The affidavit which the petitioner refers to in support of his argument also states that various signatures used by the Governor of the State of Nebraska "represent one and the same person, namely Robert Kerrey, generally known as Bob Kerrey." We take judicial notice of the fact that Bob Kerrey is the Governor of the State of Nebraska. Neb. Rev. Stat. § 27-201 (Reissue 1979).

The judgment of the district court was correct and it is affirmed.

AFFIRMED.