STATE OF NEBRASKA, APPELLEE, V. ROY LEE WALLACE, APPELLANT.
484 N.W.2d 477

Filed June 5, 1992.   No. S-91-765.

Mark M. Sipple, of Luckey, Sipple, Hansen, Emerson & Schumacher, for appellant.

Don Stenberg, Attorney General, and William L. Howland for appellee.

BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ., and COLWELL, D.J., Retired.

PER CURIAM.

In this confusingly captioned case, the appellant, Roy Lee Wallace, claims the district court erroneously denied him a writ of habeas corpus directing the sheriff of Platte County, Nebraska, to discharge him from custody because the documents on the basis of which he was arrested and held by said sheriff for extradition are defective. There being no merit to this claim, we affirm.

On July 23, 1991, the Governor of the State of Arkansas requested that Nebraska extradite Wallace to that state for an aggravated robbery therein committed at Crittenden County. The request declares that the "annexed papers" are "authentic and duly authenticated in accordance with the laws" of Arkansas. As contained in the bill of exceptions, the documents supplied in support of the request include, as a separate instrument, the prosecuting attorney's June 25, 1991, application that the Arkansas Governor request extradition. This instrument bears no case identification number, but declares that the crime for which extradition was to be sought took place on December 25, 1990, against one "Lorrie Candler, d/b/a P. J. Country Store." Following the prosecutor's application, as a separate instrument, is a copy of an information charging the crime described in the prosecutor's application. The information bears the number CR-91-62. Following the information, as a separate instrument, is an alias capias bearing number CR-91-62, which commands an Arkansas sheriff to seize Wallace. Following, as a separate instrument, is a "Certificate of Authentication" which bears no case identification number, but in which one represented to be the clerk of the circuit court for Crittenden County certifies that "the attached Information and Capias contain a true,

perfect and complete copy of the Information and Capias on file in" her office. The instrument further contains the certification of one represented to be a judge of that court that the person signing the instrument as clerk is such and the certification of the represented clerk that the person so declaring is a judge of that court. Following this certificate, as still another separate instrument, is an affidavit in which a magistrate on June 25, 1991, declares that after his review "of the file and evidence in State of Arkansas vs. [Wallace]," he finds that there is sufficient probable cause to support "the charges of Aggravated Robbery filed against the said" Wallace.

On July 25, 1991, the Honorable E. Benjamin Nelson, as Governor of this state, issued his warrant authorizing the sheriff of Platte County to arrest Wallace. However, Wallace had been arrested on June 19, 1991, by an officer working for the Platte County sheriff acting on the basis of information supplied by authorities in Crittenden County, Arkansas. This information included a copy of an information charging Wallace with committing an aggravated robbery in that county on January 7, 1991, and a copy of an arrest warrant issued by the municipal court of West Memphis in that same county for felony escape on June 13, 1991.

Neb. Rev. Stat. § 29-731 (Reissue 1989) provides, in relevant part:

> No demand for the extradition of a person charged with crime in another state shall be recognized by the Governor unless in writing alleging . . . that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon . . . . The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be

authenticated by the Executive Authority making the demand.

*Michigan v. Doran*, 439 U.S. 282, 99 S. Ct. 530, 58 L. Ed. 2d 521 (1978), teaches that extradition is a summary and mandatory executive proceeding derived from the Extradition Clause found in U.S. Const. art. IV, § 2. Thus, once the governor of an asylum state, such as Nebraska in this case, has granted extradition, a court of the asylum state considering release on habeas corpus can do no more than decide (1) whether the extradition documents, on their face, are in order; (2) whether the petitioner has been charged with a crime in the demanding state; (3) whether the petitioner is the person named in the request for extradition; and (4) whether the petitioner is a fugitive.

Wallace does not claim that he was not charged with a crime in Arkansas, that he is not the person named in the requisition for extradition, or that he is not a fugitive. He does claim, however, that the extradition documents cannot, on their face, be "in order" unless they show that the person demanded was "substantially charge[d]." According to Wallace, in order to so show, the documents must demonstrate that there existed probable cause for the demanding state to charge the demanded person with the crime for which extradition is sought. He then asserts the documents in this case do not so establish because the Arkansas magistrate's affidavit of probable cause is deficient in that it "is not certified or authenticated in any manner whatsoever" and, in any event, does not identify the aggravated robbery at issue. Brief for appellant at 10.

We agree that in *Michigan v. Doran, supra*, the Supreme Court implied that there must have been such a determination of probable cause by its holding that "when a neutral judicial officer of the demanding state has determined that probable cause exists, the courts of the asylum state are without power to review the determination." 439 U.S. at 290. See, *Rodgers v. Adams*, 212 Neb. 716, 717, 325 N.W.2d 157, 158 (1982) (affidavit of probable cause made by assistant state attorney attached to certificate of judge that " 'probably [sic] cause' " existed held sufficient to comply with requirement that a determination of probable cause be made by neutral judicial

officer); *Ex Parte Rosas*, 810 S.W.2d 315 (Tex. App. 1991).

However, we do not agree with Wallace's claim that the documents in this case are not, on their face, in order. While the documents described earlier are contained in the bill of exceptions as separate instruments, the bill of exceptions also shows that at the trial of this matter Wallace offered, and the court received without objection, an exhibit which Wallace described as consisting of 15 pages and as "essentially [being] the extradition documents offered by the State in support of [its] extradition hearing . . . ." The documents described earlier are bound in the bill of exceptions, and all appear to have been at one time stapled together. While there is nothing in the record to show when the fastening staple was removed or who removed it, Wallace does not claim the documents were not fastened together when they arrived in Nebraska. Under these facts and circumstances, we must conclude that the Arkansas documents were fastened together when they arrived in Nebraska.

Thus, Wallace's claim that the magistrate's affidavit is not certified or authenticated in any manner is clearly wrong. The requisition signed by the Governor of Arkansas certifies that the annexed papers, which would include the subject affidavit, are authentic and authenticated in accordance with the laws of Arkansas. In *Wise v. State*, 197 Neb. 831, 833, 251 N.W.2d 373, 375 (1977), quoting *Austin v. Brumbaugh*, 186 Neb. 815, 186 N.W.2d 723 (1971), we said: " 'In an extradition proceeding the requisition may refer to, annex, and authenticate accompanying papers and if together they meet statutory requirements that is sufficient. . . . The term authenticate, as used in extradition statutes, simply means a statement that the documents are what they purport to be.' "

Wallace's claim that the magistrate's affidavit does not sufficiently identify the crime for which extradition is sought is equally without merit. The petition of the Arkansas prosecutor asking the Arkansas Governor to seek extradition alleges that Wallace was charged with committing aggravated robbery on December 25, 1990, and the alias capias bears the same docket and page numbers as does the information charging that crime. The rule is that the requisition and the papers supporting it are to be considered together. See, *Beauchamp v. Elrod*, 137 Ill.

App. 3d 208, 484 N.E.2d 817 (1985); *Earhart v. Hicks*, 656 S.W.2d 873 (Tenn. Crim. App. 1983); *Martello v. Baker*, 189 Colo. 195, 539 P.2d 1280 (1975). Under the circumstances, the affidavit must be considered as relating to the crime for which the extradition is sought.

Wallace points out, however, that he was arrested by the Platte County sheriff for an entirely different crime. That is unquestionably the case; but that fact is not relevant to whether the extradition warrant is valid. Not only does Wallace not urge that his Nebraska arrest was unlawful, but the legality of that arrest is not material. *Bell v. Janing*, 188 Neb. 690, 199 N.W.2d 24 (1972) (illegality of custody in asylum state prior to issuance of extradition warrant immaterial). See, also, *Whittington, Jr. v. Bray*, 200 Colo. 17, 612 P.2d 72 (1980); *In re Saunders*, 138 Vt. 259, 415 A.2d 199 (1980); *Com. ex rel. Berry v. Aytch*, 253 Pa. Super. 312, 385 A.2d 354 (1978).

As the extradition documents, on their face, were in order, the district court did not err in denying Wallace's application for habeas corpus relief.

AFFIRMED.

WHITE, J., not participating.

CAPORALE, J., dissenting.

I must dissent; the obligation of an appellate court is to resolve the issues presented on appeal on the basis of the record presented to it, not on the basis of a record which could or should have been presented to it. See *Connor v. State*, 175 Neb. 140, 120 N.W.2d 916 (1963), quoting *Phenix Ins. Co. v. Fuller*, 53 Neb. 811, 74 N.W. 269 (1898) (judgment of district court must stand or fall upon statutory record in case).

The majority ties together the various documents bound in the bill of exceptions as separate instruments by concluding from various and sundry holes in the papers that the documents were at one time all fastened together. That may be so, but they are not fastened together now. While the majority notes that there is nothing in the record to show when the assumed fastening staple was removed or who did so, the majority notes that the documents were offered as a single 15-page exhibit. If the now separate documents were indeed a single stapled exhibit

when received by the trial court, it was the trial court's responsibility to see to it that the exhibit found its way into the record in that condition. The sad fact is that the majority has elected to take a view which protects the judicial bureaucracy at the expense of defendant Roy Lee Wallace's rights.

As the documents are presented to us, not only is the Arkansas magistrate's affidavit of probable cause not "annexed" to the Arkansas Governor's certificate or to the court clerk's certificate of authenticity, but as neither certificate makes any particular reference to the affidavit, there is nothing which enables me to determine that the magistrate's after-the-fact affidavit relates to the robbery for which Arkansas has requested extradition. The record does, however, clearly tell us that the robbery for which extradition is sought is not the only robbery which Wallace is claimed to have committed.

Consequently, I would hold that the Arkansas documents are not, on their face, in order and that the extradition warrant issued by Governor Nelson is void and of no force and effect.

While the arresting officer had reasonable information that Wallace stood charged in the courts of Arkansas with crimes punishable by imprisonment for more than a year and thus had a basis for making a lawful warrantless arrest when he did so on June 19, 1991, it does not appear from the record before us that Wallace was thereafter, as required by law, "taken before a judge or magistrate with all practicable speed and complaint" made against him under oath setting forth the ground for the arrest. See Neb. Rev. Stat. § 29-742 (Reissue 1989).

Accordingly, I would reverse the judgment of the district court and remand the cause with the directions that habeas corpus relief issue forthwith and that Wallace be discharged from custody.

SHANAHAN, J., joins in this dissent.