MCDONALD'S EXECUTIVE OFFICES, APPELLEE AND CROSS-APPELLANT, V. NEBRASKA DEPARTMENT OF REVENUE, STATE OF NEBRASKA, APPELLANT AND CROSS-APPELLEE.

497 N.W.2d 377

Filed March 26, 1993.   No. S-90-1073.

Don Stenberg, Attorney General, and David Edward Cygan for appellant.

Thomas J. Culhane and Samuel E. Clark, of Erickson & Sederstrom, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, and FAHRNBRUCH, JJ.

CAPORALE, J.

# I. STATEMENT OF CASE

Through various entities, the sole proprietorship petitioner-appellee, McDonald's Executive Offices, operates a number of restaurants, including one located within an area of Omaha that was annexed subsequent to the restaurant's establishment. Determining that the proprietorship had failed to pay certain city sales and state consumer's use taxes attributable to the operation of the annexed restaurant, the respondent-appellant, Nebraska Department of Revenue, notified the proprietorship that its sales and use tax payments were deficient. Following a hearing upon the proprietorship's request for a redetermination, the Tax Commissioner sustained the department's deficiency determination.

On further appeal by the proprietorship, the district court reversed the department's determination with regard to the city sales taxes, but affirmed the department's determination with respect to the use taxes. In this court, the department claims the district court erred in ruling that the failure of the city to have separately certified the map attached to the certified copy of the annexation ordinance it provided to the department precludes collection of the sales taxes at issue. The proprietorship has in turn cross-appealed, asserting the district court erred in

decreeing that a 5-year, rather than a 3-year, period of limitations applies to the use tax deficiency.

We affirm.

## II. SCOPES OF REVIEW

Neb. Rev. Stat. § 77-27,127 (Reissue 1990) specifies that final actions of the Tax Commissioner are to be reviewed under the Administrative Procedure Act, Neb. Rev. Stat. § 84-901 et seq. (Reissue 1987 & Cum. Supp. 1992). *PMD Investment Co. v. State*, 216 Neb. 553, 345 N.W.2d 815 (1984). See, also, *Interstate Printing Co. v. Department of Revenue*, 236 Neb. 110, 459 N.W.2d 519 (1990). Inasmuch as the petition instituting these review proceedings was filed in the district court prior to the effective date of the amendments effected by 1989 Neb. Laws, L.B. 213, we review the factual questions involved de novo on the record. See *Interstate Printing Co. v. Department of Revenue, supra*.

However, this matter also involves questions of statutory interpretation, which are matters of law in connection with which we have the obligation to reach an independent, correct conclusion irrespective of the determination made by the lower court. See, *Howard v. City of Lincoln, ante* p. 5, 497 N.W.2d 53 (1993); *Northern Bank v. Federal Dep. Ins. Corp.*, 242 Neb. 591, 496 N.W.2d 459 (1993). See, also, *Stack v. Sobczak, ante* p. 78, 497 N.W.2d 374 (1993).

## III. STATE'S APPEAL

### 1. FACTS

The proprietorship has operated the restaurant since 1978 in an area which was annexed by the city through an ordinance which became effective on July 22, 1982. On that same date, the department received from the city a certified copy of the ordinance annexing the restaurant, to which copy was attached, and by reference made a part thereof, a $6^3/8$- by $7^3/16$-inch map depicting a part of the city and delineating, without further explanation, the "Existing City Limits" and a "Study Area." The city also supplied the department with a "Listing of Businesses In Annexation," which included the restaurant.

The proprietorship claims it had no knowledge of the

annexation until a 1986 audit by the department and therefore had not collected from its customers or paid to the department the city sales tax. As a result of the audit, the department determined that the proprietorship had underpaid its taxes, and accordingly, on September 30, 1986, the department sent the proprietorship a "Notice of Deficiency Determination."

## 2. ANALYSIS

The proprietorship's position that the failure of the city to have provided the department with a separately certified map of the annexed area in which its restaurant is located rests upon language found in Neb. Rev. Stat. § 77-27,143(1) (Reissue 1990) and 316 Neb. Admin. Code, ch. 9, § 004.01 (1983). Section 77-27,143(1) provides in part:

> The administration of all sales and use taxes adopted under the Local Option Revenue Act shall be by the Tax Commissioner who may prescribe forms and adopt and promulgate reasonable rules and regulations in conformity with the act for the making of returns and for the ascertainment, assessment, and collection of taxes imposed under such act. The incorporated municipality shall furnish a certified copy of the adopting or repealing ordinance to the Tax Commissioner in accordance with such rules and regulations as he or she may adopt and promulgate.

The regulation, § 004.01, adopted pursuant to the foregoing statutory authority, reads in part:

> If any city in which a local sales and use tax has been imposed shall thereafter change or alter its boundaries in any manner, such city shall forward to the State Tax Commissioner by certified or registered mail a certified copy of the ordinance making such changes. Such ordinance shall reflect the effective date thereof, determined by statutory authority applicable to the class of city adopting a local option sales and use tax ordinance, and shall be accompanied by a certified map of the city clearly showing the territory added thereto or detached therefrom. The ordinance required to be furnished the Tax Commissioner shall also be accompanied by a list of all

licensed retailers within the annexed or detached territory.

In effect, the department argues that since the map was attached to a certified copy of the ordinance, the map itself had been certified. It may be that in some circumstances, attachments to certified documents may be considered to have been certified. See, e.g., *State v. Wallace*, 240 Neb. 865, 484 N.W.2d 477 (1992) (authentication of annexed papers constituted authentication of all papers stapled together). But in this instance, the department's position overlooks the plain language of its own regulation, which clearly requires a separately certified map, and for good reason, as this case illustrates.

The copy of the ordinance supplied the department was certified as being "a true and correct copy of the original document now on file in the City Clerk's office." Although it is true that the ordinance declares that "[a] map of the area is attached hereto, marked 'Exhibit A', and by this reference made a part of this Ordinance," the ordinance also proclaims that while the land annexed is marked on the map, the map is supplied "for convenience and, in case of discrepancy, the description" of the annexed land contained in the ordinance shall control. Moreover, whereas the ordinance describes the land annexed with reference to section, range, and township, the map makes no such references.

In addition, as a result of the failure of the map to define the meaning of the legend "Study Area" and of its failure to correlate the description of the annexed area to the description used in the ordinance, it cannot be said that the map "clearly" defines the annexed area, as the regulation requires.

Thus, the district court correctly determined that the department may not collect the sales taxes at issue.

## IV. PROPRIETORSHIP'S CROSS-APPEAL

### 1. FACTS

The department has devised and distributes a "Nebraska and City Sales and Use Tax Return" form which, as its name implies, combines the reporting of sales taxes with the reporting of use taxes. In accordance with the department's policy of treating forms filed with no information supplied to questions

relating to use taxes as the failure to file a return with respect to such taxes, the back of the form contains the following instructions:

> This return provides for the reporting of both sales and use tax. The entries for each tax remain separate. If the retailer intends to file a return for both taxes, a word, statement, number or figure must be entered on the appropriate lines of the return. Failure to do so will extend the statute of limitations for audit and collection purposes to five years.

During the period in question, from October 1, 1980, through July 31, 1983, the proprietorship left blank on all the forms it filed the lines entitled "Nebraska consumer's use tax," "City Consumer's Use Tax," and "Total Nebraska and city consumer's use tax." On most of the forms the last entry made was on the line for sales tax due, and with few exceptions no entry was made on the line entitled "Total Nebraska and city sales and use tax due." When an entry was made on this line, the entry read the same as did the sales tax due figure.

The proprietorship realized that a consumer's use tax would be due on certain items purchased for use in its business on which sales taxes had not been collected, but incorrectly assumed that its accounting system provided for the reporting of the use tax. It did not become aware of the fact that it had not properly accounted for such taxes during the period in question until the audit discussed in part III(1) above.

Neb. Rev. Stat. § 77-2709(5)(c) (Reissue 1990) reads:

> Every notice of a deficiency determination shall be personally served or mailed within three years after the last day of the calendar month following the period for which the amount is proposed to be determined or within three years after the return is filed, whichever period expires the later. In the case of failure to make a return, every notice of determination shall be mailed or personally served within five years after the last day of the calendar month following the period for which the amount is proposed to be determined.

Neb. Rev. Stat. § 77-2708(1)(b)(i) (Reissue 1990) provides:

> [A] return for such period, along with all taxes due, shall

be filed with the Tax Commissioner in such form and content as the Tax Commissioner may prescribe and containing such information as the Tax Commissioner deems necessary for the proper administration of the Nebraska Revenue Act of 1967. . . . The Tax Commissioner shall by rule and regulation require reports and tax payments from sellers, retailers, or purchasers . . . .

The department's position is that the proprietorship's failure on the forms it filed to put anything on the lines relating to the consumer's use tax constituted a failure to file a consumer's use tax return during the period in question. Thus, it argues, its September 30, 1986, deficiency notice, as extended by agreement of the parties, reaches back 5 years, thereby covering the entire period in question. The proprietorship, on the other hand, urges that as § 77-2708 permits and the department devised a combined form for reporting both sales and use taxes, and as the proprietorship filed such forms during the period in question, it cannot be said that the proprietorship failed to file use tax returns. Thus, the proprietorship claims the department's deficiency notice reaches back to cover only 3 of the 5 years in question.

### 2. ANALYSIS

The proprietorship calls our attention to the following language in *Zellerbach Co. v. Helvering*, 293 U.S. 172, 180, 55 S. Ct. 127, 79 L. Ed. 264 (1934): "Perfect accuracy or completeness is not necessary to rescue a return from nullity, if it purports to be a return, is sworn to as such [citation omitted], and evinces an honest and genuine endeavor to satisfy the law." It also calls our attention to the following quotation from *Neptune Mut. Ass'n, Ltd. of Bermuda v. U.S.*, 862 F.2d 1546, 1555 (Fed. Cir. 1988): "The policy behind the 'no return' proviso which removes the effect of the statute of limitations is that it is unreasonable to expect the government to be diligent in its efforts to collect unpaid taxes if the facts giving rise to the tax liability are not disclosed."

However, it should be noted that in holding that the adequacy of the return presented questions of fact making summary judgment inappropriate, the *Neptune Mut. Ass'n,*

*Ltd. of Bermuda* court also wrote:

> In keeping with [the policy quoted above], the law holds that if a taxpayer files an incorrect return, but the return sets forth all of the data necessary to compute the taxes owed, the statute of limitations begins to run. *Germantown Trust Co. v. Commissioner*, 309 U.S. 304, 309-10, 60 S.Ct. 566, 568-69, 84 L.Ed. 770 (1939) . . . .
>
> The government relies on *Commissioner v. Lane-Wells Co.*, 321 U.S. 219, 64 S.Ct. 511, 88 L.Ed. 684 (1944), for the proposition that the law requires Neptune to file the correct tax return form before the statute of limitations starts running. In the *Lane-Wells* decision, the taxpayer stated on its corporate tax return that it was not a personal holding company, and it did not file a personal holding company tax return. In fact, the taxpayer was a personal holding company and its statement to the contrary was an error made in good faith.
>
> In distinguishing the taxpayer in *Lane-Wells* from the one in *Germantown*, the Court explained that the *Germantown* taxpayer filed a return containing all of the data from which the unpaid tax could be computed and assessed. *Lane-Wells*, 321 U.S. at 222, 64 S.Ct. at 513. In contrast, the *Lane-Wells* taxpayer was liable for two taxes, was under an obligation to file two returns, and filed only a single return which did not contain adequate information from which to compute all taxes owed. *Lane-Wells*, 321 U.S. at 223, 64 S.Ct. at 513.
>
> Neptune suggests that the *Lane-Wells* decision applies only to taxpayers liable for two separate taxes required to be reported on two separate returns. We disagree. The controlling question is whether the IRS was apprised of adequate information from which to compute the taxes owed.

862 F.2d at 1555.

Two state courts have dealt with the application of statutes of limitations in the context of a combined sales tax and consumer's use tax return. In the first, *Whitmore Oxygen Co. v. State Tax Comm.*, 114 Utah 1, 11-12, 196 P.2d 976, 982 (1948), the court held against the taxpayer:

[The taxpayer] may not claim it has been confused concerning how to file for it has never attempted to file a return for the use *or* the purchase of the cylinders. The instant case is not a case of an erroneous filing—it is rather a case of no filing at all.

. . . The fact that the Tax Commission has made it possible to make a return for both sales and use tax on the same form, does not do away with the necessity of furnishing information as to both taxes. The form is so designed that the entries for each tax are severable and if the taxpayer intends to claim a return for both taxes some words or figures should be entered in both divisions of the form.

(Emphasis in original.)

In the second, *People v. Universal Film Exchanges*, 34 Cal. 2d 649, 213 P.2d 697 (1950), the parties stipulated that at the time in question, it had been the practice of the taxing authority to treat the filing of the combined sales and use tax form as the filing of both a sales and a use tax return, even if the lines relating to the use tax were left blank. Because of that practice, which was later changed, the taxing authority had not informed the taxpayer that its return was insufficient.

In holding that the returns filed by the taxpayer were sufficient to start the running of the statute of limitations, notwithstanding that the taxpayer had failed to make any entries on the lines related to use taxes, the *Universal Film Exchanges* court stated:

In short, there was no failure here on the part of appellant to comply with the requirements of the law in filling out its consolidated return on the form furnished it for that purpose, and a return so completed was accordingly treated by the board for many years, including the time in question, as referable to both sales and use tax computations. It does not appear in the contrarily decided Utah case above noted (*Whitmore Oxygen Co. v. Utah State Tax Commission*, [114 Utah 1, 196 P.2d 976 (1948)]) that such administrative practice there prevailed. As the problem here presents itself, the rationale of the dissent rather than that of the majority opinion in the Utah case

constitutes, in our judgment, the better-considered view as to the sufficiency of such return as that filed by appellant to start the running of the statute of limitations as to *both* tax reports.

(Emphasis in original.) 34 Cal. 2d at 658-59, 213 P.2d at 703.

The case at hand is not analogous to the one presented in *Universal Film Exchanges*, for here the policy of the department was to treat a form with blanks on lines referring to the consumer's use tax as the failure to file a return with respect to such tax, and filers were instructed to that effect. Rather, the situation presented is analogous to that confronting the Utah court in *Whitmore Oxygen Co.* and comes within the situation described in *Neptune Mut. Ass'n, Ltd. of Bermuda*. That is, the department here was not given adequate information from which to compute the consumer's use tax owed. The information the proprietorship supplied on the form as to its gross sales and services was useful only in calculating the sales tax owed.

Accordingly, the district court was correct in determining that the 5-year period of limitations applied.

### V. JUDGMENT

Inasmuch as the record sustains neither the department's assignment of error nor the proprietorship's assignment of error on cross-appeal, the judgment of the district court is, as first noted in part I above, affirmed.

AFFIRMED.

WHITE and LANPHIER, JJ., not participating.